IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | | |
|---|---|---|
| RONALD BARRANCO,<br><br>Plaintiff,<br><br>vs.<br><br>3D SYSTEMS CORPORATION, a Delaware corporation, 3D SYSTEMS, INC., a California corporation, ABRAHAM REICHENTAL, DAMON GREGOIRE,<br><br>Defendants. | ) | CIVIL NO. 13-00412 LEK-RLP |

**ORDER DENYING PLAINTIFF'S ORAL**
**<u>MOTION FOR JUDGMENT AS A MATTER OF LAW</u>**

On May 23, 2016, Plaintiff Ronald Barranco ("Plaintiff") made an oral motion for judgment as a matter of law on Defendants 3D Systems Corp. and 3D Systems, Inc.'s (collectively "Defendants") counterclaims ("Plaintiff's Rule 50(a) Motion"). [Minutes, filed 5/23/16 (dkt. no. 263).] The Court heard oral argument on the motion, and permitted the parties to submit written briefs on the matter. [<u>Id.</u>] On May 24, 2016, Plaintiff filed a Supplemental Brief in Support of His Motion for Judgment as a Matter of Law Re: "Accounting" ("Plaintiff's Supplemental Brief"). [Dkt. no. 267.] The same day, Defendants filed a memorandum in opposition to Plaintiff's Rule 50(a) Motion ("Defendants' Supplemental Brief"). [Dkt. no. 269.] In an Entering Order filed on June 22, 2016 ("6/22/16 EO"), the Court granted Plaintiff's Rule 50(a) Motion as to

Defendant's counterclaim for failure to convey the website lasersintering.com ("LSCOM"). [Dkt. no. 287.] After careful consideration of the remaining arguments in the motion, supporting and opposing memoranda, and the relevant legal authority, Plaintiff's Rule 50(a) Motion is HEREBY DENIED as to Defendants' counterclaim for breach of the non-compete agreement for the reasons set forth below.

**BACKGROUND**

Plaintiff filed his Complaint on August 23, 2013, and Defendants filed their Amended Counterclaims Against Plaintiff on November 5, 2014 ("Amended Counterclaims"). [Dkt. nos. 1, 118.] Jury selection took place on May 17, 2017, and trial commenced the same day. [Minutes, filed 5/17/17 (dkt. no. 251).] The trial proceeded on: Plaintiff's claims for (1) breach of contract ("Count I"), (2) breach of the covenant of good faith and fair dealing ("Count III"), and (3) unjust enrichment ("Count VI"); and Defendants' counterclaims for (1) failure to convey LSCOM ("Counterclaim Count I") and (2) breach of the non-compete agreement ("Counterclaim Count II").[1] On May 20, 2016, Plaintiff rested his case, and Defendants made an oral motion for judgment as a matter of law ("Defendants' Rule 50(a) Motion"). [Minutes, filed 5/20/16 (dkt. no. 259).] In an Entering Order

[1] The Court notes that the Amended Counterclaims included a claim for injunctive relief ("Counterclaim Count III"). However, at oral argument, Defendants conceded that this claim is moot.

filed on May 23, 2016, the Court granted Defendant's Rule 50(a) Motion as to Count VI, and reserved ruling on the remainder of the motion. [Dkt. no. 262.] On May 23, 2016, Defendants rested their case and renewed their Rule 50(a) motion. [Minutes, filed 5/23/16 (dkt. no. 263).] As previously noted, the Court considered Plaintiff's Rule 50(a) Motion the same day, and determined that, with regard to Counterclaim Count I, Defendants had failed to present any evidence of damages and that Plaintiff was entitled to judgment as a matter of law. See 6/22/16 EO. On May 26, 2016, the parties presented closing arguments, and the jury began deliberations immediately thereafter. [Minutes, filed 5/26/16 (dkt. no. 278).] On May 27, 2016, the jury reached a verdict, and found in favor of Defendants on all remaining counts. See Special Verdict Form, filed 5/27/16 (dkt. no. 282).

The 6/22/16 EO, the Court reiterated that it had granted Plaintiff's Rule 50(a) Motion as to Counterclaim Count I. [Dkt. no. 287.] Moreover, pursuant to the Defendants' oral agreement at the status conference held on June 21, 2016, the Court denied Defendants' Rule 50(a) Motion as moot.[2] [6/22/16 EO at 2.]

[2] The Court notes that it delayed ruling on the instant motion for some time due to active settlement discussions.

## STANDARD

Fed. R. Civ. P. 50 provides, in relevant part:

(a) **Judgment as a Matter of Law.**

> (1) ***In General.*** If a party has been fully heard on an issue during a jury trial and the court finds that a reasonable jury would not have a legally sufficient evidentiary basis to find for the party on that issue, the court may:
>
> > (A) resolve the issue against the party; and
> >
> > (B) grant a motion for judgment as a matter of law against the party on a claim or defense that, under the controlling law, can be maintained or defeated only with a favorable finding on that issue.
>
> (2) ***Motion.*** A motion for judgment as a matter of law may be made at any time before the case is submitted to the jury. The motion must specify the judgment sought and the law and facts that entitle the movant to the judgment.

(b) **Renewing the Motion After Trial; Alternative Motion for a New Trial.** If the court does not grant a motion for judgment as a matter of law made under Rule 50(a), the court is considered to have submitted the action to the jury subject to the court's later deciding the legal questions raised by the motion. No later than 28 days after the entry of judgment – or if the motion addresses a jury issue not decided by a verdict, no later than 28 days after the jury was discharged – the movant may file a renewed motion for judgment as a matter of law and may include an alternative or joint request for a new trial under [Fed. R. Civ. P.] 59. In ruling on the renewed motion, the court may:

> (1) allow judgment on the verdict, if the

jury returned a verdict;

(2) order a new trial; or

(3) direct the entry of judgment as a matter of law.

This Court has stated:

> The standard for judgment as a matter of law mirrors that for granting summary judgment. Reeves v. Sanderson Plumbing Prods., Inc., 530 U.S. 133, 149-50 (2000). "[I]n entertaining a motion for judgment as a matter of law, the court . . . may not make credibility determinations or weight the evidence." Id. at 149. Rather, the court "must view the evidence in the light most favorable to the nonmoving party . . . and draw all reasonable inferences in that party's favor." Josephs v. Pac. Bell, 443 F.3d 1050, 1062 (9th Cir. 2006). Where there is sufficient conflicting evidence, or if reasonable minds could differ over the verdict, judgment as a matter of law is improper. Pierson v. Ford Motor Co., No. C 06-6503 PJH, 2009 WL 3458702, at *1 (N.D. Cal. Oct. 23, 2009); see generally Kern v. Levolor Lorentzen, Inc., 899 F.2d 772, 775 (9th Cir. 1990).

Sunrise Helicopters, Inc. v. Alexair, Inc., Civil No. 10-00346 LEK-BMK, 2012 WL 1946960, at *4 (D. Hawai`i May 29, 2012) (alterations in Sunrise Helicopters).

## DISCUSSION

The only issue to be decided in the instant Order is Plaintiff's Rule 50(a) Motion as to Counterclaim Count II. In his oral argument on Counterclaim Count II, Plaintiff alleged that: (1) any breach of the non-compete agreement was not a material breach; (2) there is no evidence of damages; (3) the non-compete clause at issue in the instant matter is

unenforceable under Hawai`i law because of the period during which it applies, as well as its territorial scope; and (4) Defendants were the first to breach, thus negating any breach by Plaintiff. In addition, Plaintiff's Supplemental Memorandum argues that an equitable accounting is only available if there is no remedy at law. [Pltf.'s Suppl. Mem. at 3-5.] In particular, Plaintiff alleges that the counterclaims "**are** valid legal claims," but that Defendants are "left with no adequate remedy at law . . . because there is a failure of proof on a crucial element of the claims." [Id. at 5 (emphasis in original).]

The Purchase and Sale Agreement ("PSA") states:

> Covenant Not to Compete. To secure for 3D Systems the benefit of the transactions contemplated by this agreement, Mr. Barranco agrees for the benefit of 3D Systems and its affiliates that, subject to the time limitation noted below, for a period of five (5) years after the Effective Date hereof, he will not, directly or indirectly or otherwise:
>
> (i) engage in any Competition in any Restricted Territory;[3] or
>
> (ii) be or become an employee, agent or consultant of, or acquire or have any proprietary or other equity interest in, or otherwise participate or assist in the business of, any person, firm or business that engages in any Competition

[3] The PSA defines "Competition" as "the development, design, offering, marketing, sale or provision of services and products that have been developed, designed, offered, marketed, sold or otherwise provided by the Domains prior to the Effective Date." [PSA at ¶ 6(a)(i).] The PSA defines "Restricted Territory" as "the world." [Id. at ¶ 6(a)(ii).]

in any Restricted territory[.]

[Tr. Exh. 20 (PSA) at ¶ 6(b).] In addition, the PSA provides:

> Specific Performance. Mr. Barranco acknowledges for the benefit of 3D Systems and its affiliates that, in view of the nature of the Acquired Assets, Mr. Barranco'[s] past association with such business, the business objectives of 3D Systems in acquiring the Acquired Assets, and the consideration exchanged with 3D Systems in acquiring the Acquired Assets, and the consideration exchanged with 3D Systems therefor, the restrictions contained in this Agreement are reasonably necessary to protect the legitimate business interests of 3D Systems and that any violation of such restrictions will result in irreparable injury to 3D Systems for which damages will not be an adequate remedy. Mr. Barranco therefore acknowledges that if he violates any such restrictions, 3D Systems shall be entitled to preliminary and injunctive relief as well as to an equitable accounting of earnings, profits and other benefits arising from such violation. It is expressly recognized and agreed that such injunctive relief may be entered pending final determination of the merits of any controversy between the parties.

[Id. at ¶ 6(f).]

The Hawai`i Supreme Court has stated that "[a] **material** default or breach does not result simply because a party to a contract violates one of the agreement's provisions." Aickin v. Ocean View Invs. Co., 84 Hawai`i 447, 460, 935 P.2d 992, 1005 (1997) (emphasis in Aickin). The supreme court continued:

> In Golf Carts, Inc. v. Mid-Pacific Country Club, 53 Haw. 357, 493 P.2d 1338 (1972), this court defined a material breach, albeit in a different context:
>
> > A rescission is not warranted by a mere breach of contract not so substantial and

> fundamental as to defeat the object of the parties in making the agreement. Before partial failure of performance of one party will give the other the right of rescission, the act failed to be performed must go to the root of the contract or the failure to perform the contract must be in respect of matters which would render the performance of the remainder a thing different in substance from that which was contracted for.

53 Haw. at 359, 493 P.2d at 1339 . . . .

Id. (emphasis omitted).[4] The plain language of the PSA reveals

---

[4] The Hawai`i Supreme Court cited the Restatement (Second) of Contracts to support its position:

> In determining whether a failure to render or to offer performance is material, the following circumstances are significant:
>
> (a) **the extent to which the injured party will be deprived of the benefit which he reasonably expected**;
>
> (b) the extent to which the injured party can be adequately compensated for the part of that benefit of which he will be deprived;
>
> (c) **the extent to which the party failing to perform or to offer to perform will suffer forfeiture**;
>
> (d) the likelihood that the party failing to perform or to offer to perform will cure his failure, taking account of all the circumstances including any reasonable assurances;
>
> (e) the extent to which the behavior of the party failing to perform or to offer to perform comports with standards of good faith and fair dealing.

(Emphases added.)

(continued...)

that the non-compete provision was material to the agreement itself. There is also evidence in the record to support Defendants' position that Plaintiff developed a new quoting system and created a website for an outside entity. Moreover, in arguing in support of Plaintiff's Rule 50(a) Motion, Plaintiff did not dispute that he made a new and more powerful price quoting engine, but argued that he did not sell or use the new engine for commercial gain. The PSA, however, encompasses these activities in prohibiting Plaintiff from "otherwise participat[ing] or assist[ing] in the business of, any person, firm or business that engages in any Competition in any Restricted Territory." See PSA at ¶ 6(b)(ii).

Plaintiff also submits that Counterclaim Count II fails because Defendants have not presented any evidence of damages and they are not entitled to any equitable relief. See Pltf.'s Suppl. Motion at 5 ("The supposed conduct for which [Defendants] claim[] an accounting is not 'so complicated that only a court can discern [it].' In fact no one, Court or jury, could discern an 'accounting' stemming from the 'benefits of lost focus.'" (some alterations in original)). Further, in his oral argument on Plaintiff's Rule 50(a) Motion, Plaintiff's counsel repeatedly

---

[4](...continued)

Aickin, 84 Hawai`i at 460 n.27, 935 P.2d at 1005 n.27 (emphases in Aickin) (quoting Restatement (Second) of Contracts § 241 (1979)).

stated that it is not possible to account for Plaintiff losing his focus. It is clear to the Court, however, that designing a separate and new system and website amounts to more than losing focus. In Dairy Queen, Inc. v. Wood, the United States Supreme Court held:

> The necessary prerequisite to the right to maintain a suit for an equitable accounting, like all other equitable remedies, is . . . the absence of an adequate remedy at law. Consequently, in order to maintain such a suit on a cause of action cognizable at law, as this one is, the plaintiff must be able to show that the 'accounts between the parties' are of such a 'complicated nature' that only a court of equity can satisfactorily unravel them. In view of the powers given to District Courts by Federal Rule of Civil Procedure 53(b) to appoint masters to assist the jury in those exceptional cases where the legal issues are too complicated for the jury adequately to handle alone, the burden of such a showing is considerably increased and it will indeed be a rare case in which it can be met.

369 U.S. 469, 478 (1962) (footnotes omitted). Plaintiff argues that "[Defendants] should not get a second bite at the apple by now claiming that [their] legal remedy is inadequate because there was not proof to support it." [Pltf.'s Suppl. Mem. at 5.] Defendants are not getting a second opportunity to prove that they are entitled to relief on Counterclaim Count II. Defendants presented evidence that Plaintiff breached the PSA, and the PSA provides for an equitable accounting for the type of violation alleged. See PSA at ¶ 6(f). In addition, this Court finds that the issues related to Counterclaim Count II are complex enough to

merit an equitable accounting.

Next, Plaintiff orally argued that the non-compete clause in the PSA is unenforceable because the territorial application – "the world" – is prohibited under Hawai`i law. See PSA at ¶ 6(a)(ii). This district court has explained:

> Hawaii statutory law provides, "Every contract . . . in restraint of trade or commerce in the State . . . is illegal." H.R.S. § 480-4(a). The same statute further provides:
>
> > [W]ithout limiting the application of the foregoing subsection (a) it shall be **lawful** for a person to enter into any of the following restrictive covenants or agreements ancillary to a legitimate purpose not violative of this chapter, unless the effect thereof may be substantially to lessen competition or to tend to create a monopoly in any line of commerce in any section of the State . . .
> >
> > (4) A covenant or agreement by an employee or agent not to use the trade secrets of the employer or principal in competition with the employee's or agent's employer or principal . . . after the termination of employment, within such time as may be reasonably necessary for the protection of the employer or principal, without imposing undue hardship on the employee or agent.
>
> H.R.S. § 480-4(c) (emphasis added).
>
> Under Hawaii law interpreting H.R.S. § 480-4, restrictive covenants should be interpreted "much the same way that federal courts would, in Section 1 Sherman Act cases, analyze such covenants." Technicolor, Inc. v. Traeger, 57 Haw. 113, 121-22, 551 P.2d 163 (1976). That is, for restrictive covenants that are not per se illegal, courts should determine as a matter of law whether a restrictive covenant is reasonable. Id. 57 Haw. at 122, 551 P.2d 163. "In making this analysis,

> the court must examine such factors as geographical scope, length of time, and breadth of the restriction placed on a given activity." Id.

UARCO Inc. v. Lam, 18 F. Supp. 2d 1116, 1121 (D. Hawai`i 1998) (alterations in UARCO Inc.). Neither Plaintiff's Rule 50(a) Motion nor Plaintiff's Supplemental Brief provided case law or any additional arguments for his claim that the non-compete agreement itself is unreasonable. The Court therefore finds Plaintiff's argument unsupported and unavailing.

Finally, Plaintiff orally argued that, because Defendants breached the agreement first, he is not liable for any breach of the PSA. There was evidence in the record to support Defendants' position that it did not make any promises to invest substantial resources in stereolithography.com ("SLAC") and LSCOM. Reading the evidence in the light most favorable to Defendants, the Court finds that a reasonable jury could conclude that Defendants did not make any such promise. In fact, the jury in this case found just that. The Court FINDS that there is conflicting evidence and CONCLUDES that Plaintiff is not entitled to judgment as a matter of law on Counterclaim Count II.

The Court has denied Plaintiff's Rule 50(a) Motion. However, the Court still must rule on the equitable relief requested in the Amended Counterclaims. The Court therefore DIRECTS the parties to submit letter briefs of no more than ten pages by **May 30, 2017**, explaining how they believe the Court

should proceed with the remaining issues in this case.

**CONCLUSION**

On the basis of the foregoing, Plaintiff Ronald Barranco's oral motion for judgment as a matter of law, made on May 23, 2016, is HEREBY DENIED as to Defendants 3D Systems Corp. and 3D Systems, Inc.'s counterclaim for breach of the non-compete agreement. The parties are HEREBY DIRECTED to submit letter briefs by **May 30, 2017**, and a status conference will be scheduled thereafter.

IT IS SO ORDERED.

DATED AT HONOLULU, HAWAII, May 9, 2017.




/s/ Leslie E. Kobayashi
Leslie E. Kobayashi
United States District Judge

**RONALD BARRANCO VS. 3D SYSTEMS CORP., ET AL; CIVIL 13-00412 LEK-RLP; ORDER DENYING PLAINTIFF'S ORAL MOTION FOR JUDGMENT AS A MATTER OF LAW**