IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| RONALD BARRANCO, | ) CIVIL NO. 13-00412 LEK-RLP |
| | ) |
| Plaintiff, | ) FINDINGS AND RECOMMENDATION TO |
| | ) GRANT IN PART AND DENY IN PART |
| vs. | ) DEFENDANTS' BILL OF COSTS |
| | ) |
| 3D SYSTEMS CORPORATION, ET AL. | ) |
| | ) |
| Defendants. | ) |
| _____ | ) |

FINDINGS AND RECOMMENDATION TO GRANT IN
PART AND DENY IN PART DEFENDANTS' BILL OF COSTS[1]

Before the Court is Defendants 3D Systems Corporations and 3D System, Inc.'s Bill of Costs, filed on April 12, 2018. See ECF No. 393. Plaintiff filed his Objection to the Bill of Costs on April 13, 2018. ECF No. 394. Defendants filed their Reply on April 23, 2018. ECF No. 401. This matter is suitable for disposition without a hearing pursuant to Rule 7.2(d) of the Local Rules of Practice of the United States District Court for the District of Hawaii. After a review of the parties' submissions and the relevant authority, the Court FINDS AND RECOMMENDS that the Bill of Costs be GRANTED IN PART and DENIED IN PART.

---

[1] Within fourteen days after a party is served with a copy of the Findings and Recommendation, that party may, pursuant to 28 U.S.C. § 636(b)(1), file written objections in the United States District Court. A party must file any objections within the fourteen-day period allowed if that party wants to have appellate review of the Findings and Recommendation. If no objections are filed, no appellate review will be allowed.

ANALYSIS

On April 2, 2018, the Clerk entered judgment in favor of Defendants based on the jury verdict and the court's subsequent order granting Defendants' breach of contract counterclaim.  See ECF Nos. 282, 391, 391.  Rule 54(d)(1) of the Federal Rules of Civil Procedure provides that, "[u]nless a federal statute, these rules, or a court order provides otherwise, costs — other than attorney's fees — should be allowed to the prevailing party."  Fed. R. Civ. P. 54(d)(1).  The costs that the court is authorized to tax under Rule 54(d)(1) are enumerated at 28 U.S.C. § 1920:

> 1. Fees of the clerk and marshal;
>
> 2. Fees of the court reporter for all or any part of the stenographic transcript necessarily obtained for use in the case;
>
> 3. Fees and disbursements for printing and witnesses;
>
> 4. Fees for exemplification and copies of papers necessarily obtained for use in the case;
>
> 5. Docket fees under section 1923 of this title;
>
> 6. Compensation of court appointed experts, compensation of interpreters, and salaries, fees, expenses, and costs of special interpretation services under section 1828 of this title.

28 U.S.C. § 1920.

Plaintiff does not contest that Defendants are the

prevailing parties in this action.  See ECF No. 394.  In their Bill of Costs Defendants requests $41,050.31.  ECF No. 393.  Plaintiff objects to $18,980.73 of those costs.  ECF No. 394.  Each of Plaintiff's objections is addressed below.

### A. Service of Process Fees

Plaintiff argues that certain costs requested by Defendants for service of process fees are not taxable.  ECF No. 394 at 2-3.  Local Rule 54.2(f)(1) provides that costs for service of subpoenas are allowable "to the extent they are reasonably required."  LR54.2(f)(2).

First, Plaintiff contends that the costs requested for service of process fees for subpoenas on Kaiser Permanente Hawaii and Kaiser Permanente in Rancho Cucamonga, California are not taxable.  Id.  Plaintiff argues that medical records from Kaiser Permanente are not relevant to any claim or defense in this action.  See ECF No. 394 at 2-3.  As noted by Defendants in their Reply, Plaintiff included allegations regarding his cancer diagnosis in his Complaint and alleged that the progression of the disease was a factor in his business decisions and played a part in negotiations.  See, e.g., ECF No. 1 ¶¶ 45, 48, 120.  The Court finds that the costs associated with obtaining Plaintiff's medical records were reasonably required and are taxable.

Second, Plaintiff contends that costs requested for service of a deposition subpoena on David W. Guild are not

taxable because no deposition was ever taken and Mr. Guild was not listed by either party as a witness or person with information regarding the claims or defenses in this action. ECF No. 394 at 3. Defendants explain in their Reply that Mr. Guild was retained by Plaintiff to negotiate a pre-suit resolution. See ECF No. 401 at 7-8. Although Defendants later agreed to withdraw the subpoena based on Plaintiff's claim of work product doctrine, given his role in this case, the Court finds that the costs associated with the service of Mr. Guild's subpoena were reasonably required and taxable.

Third, Plaintiff contends that costs requested for service of a deposition subpoena on Wayne Sadowski are not taxable because Mr. Sadowski was not listed by either party as a witness or person with information regarding the claims or defenses in this action. ECF No. 394 at 3. In their Reply, Defendants explain that Mr. Sadowski was an accountant for Cranston Holdings, LLC d/b/a Stereolithography.com and produced documents relevant to Plaintiff's claims regarding license fees. See ECF No. 401 at 9-10. Based on the information provided by Defendants, the Court finds that these costs are taxable.

Fourth, Plaintiff contends that costs requested for service of a subpoena on Mimi Hu and Kawahara & Hu LLC are not taxable because this discovery was taken two years after the discovery deadline and the trial court excluded from trial any

evidence received in response to this subpoena.  ECF No. 394 at 4.  Although the Court understands Defendants' arguments regarding why they attempted to obtain these documents after the close of discovery, see ECF No. 401 at 12-12, based on the trial court's ruling to exclude any evidence obtained in response to this untimely subpoena, the Court finds Defendants' arguments that these costs are taxable unpersuasive.  The Court finds that the $240.00 in costs requested for the service of subpoena are not taxable because they were not reasonably required.

### B. Deposition Transcript Fees

Plaintiff asserts that the certain costs requested for deposition transcript fees should be denied.  ECF No. 394 at 4-6.  Section 1920(2) permits the taxation of fees for "transcripts necessarily obtained for use in the case."  28 U.S.C. § 1920(2); see also LR 54.2(f)(2).  Local Rule 54.2(f)(2) states that the deposition need not be used at trial or introduced in evidence, but only that at the time it was taken "it could reasonably be expected that the deposition would be used for trial preparation, rather than mere discovery."  LR 54.2(f)(2).

First, Plaintiff challenges the deposition transcript costs for the custodian of records for Kaiser Permanente.  See ECF No. 394 at 4.  As discussed above, the Court finds that Plaintiff's medical records were relevant to the claims and defenses in this action.  Based on the information provided by

Defendant, the Court agrees that this deposition transcript was necessarily obtained for use in this case and was not merely for discovery.

Second, Plaintiff objects to the costs requested for a document production by Mimi Hu. ECF No. 394 at 5. As noted with the subpoena above, this discovery was taken two years after the discovery deadline and the trial court excluded from trial any evidence received in response to this subpoena. ECF No. 394 at 5. The Court finds that the $344.35 in costs requested for the document production by Ms. Hu are not taxable because this discovery was not necessarily obtained for use in this case.

Third, Plaintiff objects to the expedited transcript costs requested for the depositions of Christopher Breault, Tory Sirkin, and Plaintiff. ECF No. 394 at 6. In their Reply, Defendants clarify that only the transcripts for Mr. Breault's deposition and for the first volume of Plaintiff's deposition were expedited. ECF No. 401 at 14. "Expedited copies are only taxable, for example, if they were necessary because the transcript was essential for questioning in other depositions to follow, and copies were required very quickly." White v. Sabatino, Civ. Nos. 04-00500 ACK/LEK, 05-00025 ACK/LEK, 2008 WL 4112779, at *4 (D. Haw. Sept. 3, 2008) (citation omitted). Regarding the request for expedited costs for Mr. Breault, Defendants state that a review of the transcript was necessary

because Mr. Sirkin's deposition was scheduled two days later and was necessary because Defendants filed a counterclaim more than three weeks later.  ECF No. 401 at 14-15.  The Court is unpersuaded by Defendants' arguments.  Mr. Sirkin's deposition took place on July 30, 2014; however, based on the court reporter's certification, the expedited deposition transcript of Mr. Breault was provided on August 4, 2014.  See ECF No. 401-1 ¶ 11; ECF No. 401-8 at 5.  Therefore, it does not appear that the expedited transcript was necessary to conduct Mr. Sirkin's deposition.  Further, although information obtained from Mr. Breault's deposition might have been used to form the basis for Defendants' counterclaim, the counterclaim was not filed until 22 days later, so the expedited transcript was not necessary.  Accordingly, the Court finds that the requested costs for the expedited services are not taxable.  Defendants do not provide a breakdown of the costs for expedited transcript services compared to regular services.  Accordingly, the Court recommends that the requested costs be reduced by ten percent, $203.58.  See ECF No. 393-10 (invoice showing expedited transcript costs of $2,035.80).

       Finally, regarding the request for expedited costs for volume I of Plaintiff's deposition, Defendants state that a review of the transcript was necessary because Plaintiff's deposition took place over two days and counsel needed to review the first day of the deposition before proceeding with the second

day.  ECF No. 401 at 15-16.  The Court is unpersuaded by this argument.  Although helpful to counsel, the expedited transcript was not required to meet any case deadlines or prepare any immediate court filings.  Accordingly, the Court finds that the requested costs for the expedited services, $70.40, are not taxable.  See ECF No. 401 at 16 (providing per-page calculation of expedited services).

### C. Witness Fees

Plaintiff objects to the witness fees paid to the custodian of records for Kaiser Permanente.  See ECF No. 394 at 7.  Plaintiff states that the fee appears to be duplicative because Defendants paid two witness fees to Kaiser Permanente.  Id.  In their Reply, Defendants explain that there is no duplication because they sought records from Kaiser Permanente Hawaii and Kaiser Permanente California.  ECF No. 401 at 16.  For the same reasons discussed above regarding Plaintiff's medical records, the Court finds that this discovery was relevant and that these costs are taxable.

### D. Travel

Pursuant to 28 U.S.C. § 1821, certain travel expenses for witnesses may be taxed as costs under 28 U.S.C. § 1920.  See 28 U.S.C. § 1821(c)(4); see also LR 54.2(f)(3).  Section 1821(d) limits payment for lodging and meal costs to an amount not to exceed the maximum per diem allowance prescribed by the

Administrator of General Services for official travel by federal government employees. Id. (d)(1)-(2) (providing that a "subsistence allowance" shall be paid to witnesses when an overnight stay is required and shall not "exceed the maximum per diem allowance prescribed by the Administrator of General Services . . . for official travel in the area of attendance by employees of the Federal Government"). Here, Plaintiff objects to the costs requested for the multiple nights of lodging for Andrew Johnson, Michael White, Cathy Lewis, and Paul Saltzman. ECF No. 394 at 9-12.

For Andrew Johnson, Plaintiff objects to the costs requested for Mr. Johnson's two-night stay in Los Angeles for his deposition in September 2014, his eight-night stay in Honolulu for trial in May 2016, and his two-night stay for trial in November 2017. Id. First, Defendants do not explain why a two-night stay was required for Mr. Johnson's deposition. See ECF No. 401 at 22. Under Section 1821, costs may be taxed "when an overnight stay is required at the place of attendance." 28 U.S.C. § 1821(d)(1). Defendants do not provide any information regarding why the deposition was set in Los Angeles, where Mr. Johnson traveled from, or how long the deposition lasted. Without such information, the Court cannot determine whether an additional night was required. Accordingly, the Court finds that the costs for a one-night stay are taxable. The permissible per

diem lodging rate for Los Angeles, California in September 2014 was $133.  See 28 U.S.C. §1821(d)(2); https://www.gsa.gov/travel/plan-book/per-diem-rates.  Although Defendants request tax in addition to this amount, Defendants do not provide any Ninth Circuit authority providing that such taxes may be awarded in addition to the proscribed rate.  The maximum per diem meal rate for Los Angles in 2014 was $71.  Id.  Accordingly, the Court finds that $204.00 may be taxed for Mr. Johnson's travel for his deposition.  Second, for Mr. Johnson's travel for the trial in May 2016, trial took place from May 17-20 (Tuesday through Friday) and May 23-25 (Monday through Wednesday).  Defendants requested costs for Mr. Johnson to stay in Honolulu from May 20 – 28.  Mr. Johnson testified on May 20.  Evidence closed on May 23.  The Court finds that a four-night stay in Honolulu was reasonable so that Mr. Johnson was available to testify as necessary until the close of evidence.  The permissible per diem lodging allowance for Honolulu, Hawaii in May 2016 was $177.00.  See 28 U.S.C. §1821(d)(2); http://www.defensetravel.dod.mil/site/perdiemCalc.cfm.  The maximum per diem meal rate for Honolulu in 2014 was $56.00  Id.  Accordingly, the Court finds that $932.00 may be taxed for Mr. Johnson's travel for the May 2016 trial.  Third, Plaintiff only objects to the rate requested for Mr. Johnson's two-night stay for trial in 2017.  Given the permissible per diem allowance for lodging ($177.00) and meals ($63.00) in Honolulu,

Hawaii in November 2017, the Court finds that $480.00 may be taxed for Mr. Johnson's travel for the November 2017 trial. See id. In total, the Court finds that $1,616.00 in costs are taxable for Mr. Johnson's travel.

For Michael White, Plaintiff objects to the costs requested for Mr. White's eleven-night stay in Honolulu for trial in May 2016. ECF No. 394 at 10. Plaintiff notes that Mr. White testified on May 20, 2016. Id. Defendants do not provide any explanation for why Mr. White needed to be available to testify on the first day of trial. See ECF No. 401 at 21-22. Mr. White was not named by Plaintiff as a witness. The Court finds that a five-night stay in Honolulu was reasonable so that Mr. White was available to testify on May 20 and as necessary until the close of evidence. Given the permissible per diem allowance for lodging and meals in Honolulu, Hawaii in May 2016 set forth above, the Court finds that $1,165.00 may be taxed for Mr. White's travel for the May 2016 trial.

For Cathy Lewis, Plaintiff objects to the costs requested for Ms. Lewis's thirteen-day stay in Honolulu for trial in May 2016. ECF No. 394 at 11. Defendants do not provide any explanation for why Ms. Lewis needed to be available to testify on the first day of trial. See ECF No. 401 at 22. Ms. Lewis was not named by Plaintiff as a witness. Defendants began their presentation of evidence on May 20. Ms. Lewis testified on May

23.  Id.  The Court finds that a five-night stay in Honolulu was reasonable so that Ms. Lewis was available to testify from May 20 until the close of evidence.  Given the permissible per diem allowance for lodging and meals in Honolulu, Hawaii in May 2016, the Court finds that $1,165.00 may be taxed for Ms. Lewis's travel for the May 2016 trial.

For Paul Saltzman, Plaintiff objects to the costs requested for Mr. Saltzman's five-night stay in Honolulu for trial in May 2016.  ECF No. 394 at 11.  Mr. Saltzman did not arrive in Honolulu until May 21.  ECF No. 401 at 22.  The Court finds that a three-night stay in Honolulu was reasonable, which would have allowed Mr. Saltzman to be available through the close of evidence.  Given the permissible per diem allowance for lodging and meals in Honolulu, Hawaii in May 2016, the Court finds that $699.00 may be taxed for Mr. Saltzman's travel for the May 2016 trial.

### E.  Conclusion

In total, the Court finds that the following costs are taxable:

Fees for service of subpoenas:  $1,105.72[2]

Fees for transcripts:  $21,948.39[3]

---

[2] $1,345.72 requested - $240.00 for service on Mimi Hu and Kawahara & Hu LLC = $1,105.72.

[3] $22,566.72 requested - $344.35 for the document production by Ms. Hu - $203.58 for the expedited transcript costs for Christopher Breault's deposition - $70.40 for the expedited transcript costs for volume I of Plaintiff's deposition = $21,948.39.

12

Fees for printing: $2,670.80[4]

Fees for witnesses: $10,700.02[5]

Total: $36,424.93.

## CONCLUSION

The Court FINDS AND RECOMMENDS that the district court GRANT Defendants' request for $36,424.93 in costs and DENY the remaining costs requested.

IT IS SO FOUND AND RECOMMENDED.

DATED AT HONOLULU, HAWAII, APRIL 27, 2018.

/s/ Richard L. Puglisi
Richard L. Puglisi
United States Magistrate Judge

**BARRANCO V. 3D SYSTEMS CORP., ET AL.; CIVIL NO. 13-00412 LEK-RLP; FINDINGS AND RECOMMENDATION TO GRANT IN PART AND DENY IN PART DEFENDANTS' BILL OF COSTS**

---

[4] Plaintiff did not object to any of these costs. See ECF No. 394.

[5] The Court finds that the following witness costs are taxable: $124.00 for witness fees + $1,616.00 for Mr. Johnson's travel + $1,165.00 for Mr. White's travel + $1,165.00 for Ms. Lewis's travel + $699.00 for Mr. Saltzman's travel + $5,931.02 for airfare = $10,700.02.

13