IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | | |
|---|---|---|
| RONALD BARRANCO, | ) | CIVIL NO. 13-00412 LEK-RLP |
| | ) | |
| Plaintiff, | ) | FINDINGS AND RECOMMENDATION TO |
| | ) | GRANT IN PART AND DENY IN PART |
| vs. | ) | DEFENDANTS 3D SYSTEMS |
| | ) | CORPORATION AND 3D SYSTEM, |
| 3D SYSTEMS CORPORATION, ET | ) | INC.'S MOTION FOR AN AWARD OF |
| AL. | ) | ATTORNEYS' FEES |
| | ) | |
| Defendants. | ) | |
| _____ | ) | |

FINDINGS AND RECOMMENDATION TO GRANT IN PART AND
DENY IN PART  DEFENDANTS 3D SYSTEMS CORPORATION AND
3D SYSTEM, INC.'S MOTION FOR AN AWARD OF ATTORNEYS' FEES[1]

Before the Court is Defendants 3D Systems Corporation
and 3D System, Inc.'s Motion for an Award of Attorneys' Fees,
filed on April 13, 2018 ("Motion"). See ECF No. 395. Plaintiff
filed his Opposition May 9, 2018. ECF No. 409. Defendants filed
their Reply on May 23, 2018. ECF No. 413. This matter is
suitable for disposition without a hearing pursuant to Rule
7.2(d) of the Local Rules of Practice of the United States
District Court for the District of Hawaii. After careful
consideration of the parties' submissions and the relevant
authority, the Court FINDS AND RECOMMENDS that Defendants' Motion
be GRANTED IN PART AND DENIED IN PART.

---

[1] Within fourteen days after a party is served with a copy
of the Findings and Recommendation, that party may, pursuant to
28 U.S.C. § 636(b)(1), file written objections in the United
States District Court. A party must file any objections within
the fourteen-day period allowed if that party wants to have
appellate review of the Findings and Recommendation. If no
objections are filed, no appellate review will be allowed.

BACKGROUND

On May 27, 2016, the jury returned a verdict in favor of Defendants on Plaintiff's claims for breach of contract, breach of the implied covenant, and unjust enrichment. ECF No. 282. The jury also found in favor of Defendants on their non-compete counterclaim against Plaintiff. Id. Plaintiff was granted judgment as a matter of law on Defendant's failure to convey counterclaim. ECF No. 287. Based on the jury's finding in favor of Defendants on their non-compete counterclaim, the court determined that Defendants were entitled to an equitable accounting. ECF No. 300. The court conducted a bench trial to perform the equitable accounting and issued its Order Regarding Findings of Fact and Conclusions of Law on March 30, 2018. ECF No. 391. The court ordered that judgment be entered in favor of Defendants on their counterclaim in the amount of $522,860.24. Id. The Clerk of Court filed Judgment in favor of Defendants on April 2, 2018. ECF No. 392. The present Motion followed.

ANALYSIS

In diversity cases, the Court must apply state law in determining whether the prevailing party is entitled to attorneys' fees. Kona Enters., Inc. v. Estate of Bishop, 229 F.3d 877, 883 (9th Cir. 2000). Under Hawaii law, "[o]rdinarily, attorneys' fees cannot be awarded as damages or costs unless so provided by statute, stipulation, or agreement." Stanford Carr

2

<u>Dev. Corp. v. Unity House, Inc.</u>, 141 P.3d 459, 478 (Haw. 2006)

(citing <u>Weinberg v. Mauch</u>, 890 P.2d 277, 290 (Haw. 1995)).

Here, Defendants seek an award of fees under Hawaii

Revised Statutes Section 607-14.  Section 607-14 provides that

attorneys' fees shall be awarded "in all actions in the nature of

assumpsit."  Haw. Rev. Stat. § 607-14.  Section 607-14 also

provides that such fees shall not exceed twenty-five per cent of

the amount sued for if the defendant obtains judgment.  Haw. Rev.

Stat. § 607-14.  To award attorneys' fees under Section 607-14,

the court must determine whether:  (A) the action is in the

nature of assumpsit; (B) Defendants are the prevailing parties;

(C) the fees requested are reasonable; and (D) the fees do not

exceed twenty-five percent of the amount sued for by Plaintiff.

### A.  Action in the Nature of Assumpsit

Defendants assert that this action is in the nature of

assumpsit because Plaintiff asserted claims for breach of

contract, breach of the implied covenant, and unjust enrichment.

ECF No. 395-1 at 11-13.  Plaintiff does not dispute that this is

an action in the nature of assumpsit.  <u>See</u> ECF No. 409.

Accordingly, Defendants are eligible for an award of attorneys'

fees under Section 607-14.

### B.  Prevailing Party Status

As noted above, judgment was entered in favor of

Defendants on all claims brought by Plaintiff and on Defendants'

breach of contract counterclaim.  See ECF No. 392.  Accordingly,
the Court concludes that Defendants are the "prevailing party"
for purposes of Section 607-14.  See also Blair v. Ing, 31 P.3d
184, 189 (Haw. 2001) ("a defendant who succeeds in obtaining a
judgment of dismissal is a prevailing party for the purpose of
fees under HRS § 607-14.").

### C.    Reasonable Attorneys' Fees and Costs

Hawaii courts calculate the reasonableness of
attorneys' fees based on a method that is nearly identical to the
traditional "lodestar" calculation set forth in Hensley v.
Eckerhart, 461 U.S. 424, 433 (1983).  See DFS Grp. L.P. v. Paiea
Props., 131 P.3d 500, 505 (Haw. 2006).  Under the lodestar
method, the court must determine a reasonable fee by multiplying
a reasonable hourly rate by the number of hours reasonably
expended.  See id. 505-06.  In addition, the court may consider
additional factors including the novelty of the questions
involved and charges for similar service in the community.  See
Chun v. Bd. of Trs. of Emps.' Ret. Sys. of Haw., 106 P.3d 339,
358 (Haw. 2005); Chun v. Bd. of Trs. of Emps.' Ret. Sys. of Haw.,
992 P.2d 127, 137 (Haw. 2000).

Two law firms performed work for Defendants in this
action.  The attorneys' fees requested for work performed by
Nexsen Pruet, LLC are:

| **ATTORNEY** | **HOURS** | **RATE** | **TOTAL** |
|---|---|---|---|
| Nicole Setzler Mergo, Esq. | 2091.4 | $320 | $669,248.00 |
| Christopher Lam, Esq. | 1583.5 | $350 | $554,225.00 |
| Jennifer Cluverius, Esq. | 175.4 | $280 | $49,112.00 |
| Jonathan Schultz, Esq. | 458.8 | $215 | $98,642.00 |
| Sima Patel, Esq. | 354.8 | $230 | $81,604.00 |
| Sara Svedberg, Esq. | 224.4 | $210 | $47,124.00 |
| Kelvin Woods, paralegal | 1309.2 | $180 | $235,656.00 |
| Mary Ann Buonforte, paralegal | 135 | $160 | $21,600.00 |
| Cristen Maitelanen, paralegal | 21.4 | $150 | $3,210.00 |
| Gray Wallington, eDiscovery Director | 80.8 | $210 | $16,968.00 |
| Jennifer McCune Sharpe, Esq. | 335.2 | $180 | $60,336.00 |
| "Document Review Team"[2] | 1110.1 | $75 | $83,257.50 |
| | | **TOTAL** | **$1,920,982.50** |

ECF No. 395-1 at 30; ECF No. 395-10 at 26-27.

The attorneys' fees requested for work performed by

Goodsill Anderson Quinn & Stifel, A Limited Liability Law

Partnership LLP are:

---

[2] The Document Review Team consisted of thirteen attorneys who reviewed and analyzed the discovery documents in this case. See ECF No. 395-10 at 24-25. Each attorney and the hours that they billed are as follows: Sean Wilson, Esq. (68.5); Matthew Weaver, Esq. (120.5); Deyaska Spencer, Esq. (81.2); Sara Player, Esq. (73.5); Ruth Patterson, Esq. (70.5); Jacob Larsen, Esq. (160.9); Patricia Johnson, Esq. (20.8); Andrew Johnson, Esq. (21.5); Mike Fisher, Esq. (124); Joni Dickerson, Esq. (74.3); Wes Dail, Esq. (72.8); Susan Carr, Esq. (100.4); Tom Blackwell, Esq. (121.2). ECF No. 395-1 at 30-31.

| ATTORNEY | HOURS | RATE | TOTAL |
|---|---|---|---|
| Thomas Benedict, Esq. | 566.8 | $375 | $212,550.00 |
| Dawn Sugihara, Esq. | 1,132.3 | $290 | $328,367.00 |
| Marissa Owens, Esq. | 155.2 | $200 | $30,080.00[3] |
| | | Subtotal | $570,997.00 |
| | General Excise Tax (4.712%) | | $26,905.38 |
| | | TOTAL | $597,902.38[4] |

ECF No. 395-1 at 30; ECF No. 395-2 at 4, 7-8.  In total,
Defendants request an award of $2,518,884.88 in attorneys' fees
and taxes.  ECF No. 395-1 at 31.

**1.    Reasonable Hourly Rate**

Hawaii courts consider the reasonable hourly rate in a
manner similar to the traditional lodestar formulation, and some
Hawaii state courts have considered federal law in determining a
reasonable hourly rate.  See, e.g., Cnty. of Haw. v. C & J Coupe
Family Ltd. P'ship, 208 P.3d 713, 720 (Haw. 2009).  The Court

---

[3] Defendants explain in their Motion that a few of Ms.
Owens' time entries were billed at a lower rate, so the amount
requested reflects that reduction.  ECF No. 395-1 at 30 n.2.

[4] The Court notes that the calculation of the fees requested
in Defendants' Motion differ from the calculation in Mr.
Benedict's declaration.  Compare ECF No. 395-1 at 30 (reflecting
$570,997.00 requested) with ECF No. 395-2 at 4 (reflecting
$574,541.69 requested).  For purposes of this decision, the Court
uses the calculation provided in the Motion, which appears to be
correct. The discrepancy also resulted in an incorrect
calculation of general excise tax.  See ECF No. 395-1 at 29
(reflecting a tax calculation based on the amount of fees
requested in Mr. Benedict's declaration).  The Court's
calculation of taxes is based on the amount of fees requested in
the Motion.

finds that federal case law regarding the determination of a
reasonable hourly rate is instructive in this case.  In assessing
whether an hourly rate is reasonable, a court "should be guided
by the rate prevailing in the community for similar work
performed by attorneys of comparable skill, experience, and
reputation."  Webb v. Ada Cnty., 285 F.3d 829, 840 (9th Cir.
2002) (citing Chalmers v. City of L.A., 796 F.2d 1205, 1210-11
(9th Cir. 1986)); see also Gates v. Deukmejian, 987 F.2d 1392,
1405 (9th Cir. 1992) (noting that the rate awarded should reflect
"the rates of attorneys practicing in the forum district").  In
addition to their own statements, the fee applicant is required
to submit additional evidence that the rate charged is
reasonable.  Jordan v. Multnomah Cnty., 815 F.2d 1258, 1263 (9th
Cir. 1987).

        Based on the information provided by counsel, the
Court's knowledge of the prevailing rates in the community, and
the Court's familiarity with this case, the Court finds that the
hourly rates requested for Ms. Mergo, Ms. Sugihara, Ms. Owens,
Ms. Patel, Ms. Sharpe, and the contract attorneys who were on the
Document Review Team are reasonable.  However, as discussed
below, the Court finds that the remaining rates requested are
unreasonable.

        First, Plaintiff argues that the rates requested should
be reduced to the same rates that were previously awarded by this

7

Court to Plaintiff's counsel in relation to a discovery motion.
See ECF No. 409 at 11-12.  The Court disagrees.  Although a
similar reasonableness analysis applies, that order was issued in
September 2014.  See ECF No. 100.  In light of the time that has
passed since its prior order, the Court finds that the hourly
rates previously awarded no longer reflect the current prevailing
rates in the community.  However, as with the rates requested by
Plaintiff's counsel at issue in that prior order, the rates
requested by Defendants' counsel in the present Motion are
slightly excessive and should be reduced.

        Second, the Court agrees with Plaintiff that the
relevant location for considering reasonable rates is Honolulu,
Hawaii, not the location of Defendants' mainland counsel.  See
ECF No. 409 at 13-14.  For purposes of this Motion, the Court
considers the prevailing market rates in Honolulu.  See BMW of N.
Am., LLC v. Mini Coupe Haw., LLC, Civil No. 12-00331 JMS-KSC,
2013 WL 1568546, *1 (D. Haw. Mar. 21, 2013), adopted by, 2013 WL
1568531 (D. Haw. April 12, 2013).

        Third, Defendants request $375 per hour for Mr.
Benedict, an attorney with twenty-nine years of experience.
Plaintiff argues that this rate should be reduced.  ECF No. 409
at 12-13.  The Court agrees.  The Court notes that Defendants
only requested $320 per hour for Ms. Mergo, an attorney with
twenty-eight years of experience, who billed more than 2000 hours

on this case, is Defendants' national outside litigation counsel,
and acted as lead counsel in this matter.  See ECF No. 395 at 30;
ECF No. 395-10 at 5-6.[5]  Based on the information provided by
counsel, Mr. Benedict's role in this litigation, the Court's
knowledge of the prevailing market rates in the community, the
rate requested for Ms. Mergo, and the nature of this action, the
Court finds that $325 per hour is a reasonable rate for Mr.
Benedict.  See Honolulu Acad. of Arts v. Green, No. CV 15-00355
DKW-KSC, 2017 WL 1086224, at *8 (D. Haw. Feb. 28, 2017), adopted
by, 2017 WL 1091309 (D. Haw. Mar. 21, 2017) (finding $325 to be a
reasonable rate for a lawyer with 25 years of experience).

　　　　Fourth, Defendants request $350 per hour for Mr. Lam,
an attorney with sixteen years of experience.  Plaintiff argues
that this rate should be reduced.  ECF No. 409 at 12-13.  The
Court agrees.  As noted above, the fact that Mr. Lam works in
Charlotte, North Carolina is not relevant to determining the
reasonable fee in this case.  Further, the Court notes that
Defendants requested $290 per hour for Ms. Sugihara, an attorney
with one more year of experience than Mr. Lam.  See ECF No. 395-1

_____

[5] The Court notes that the law firms requested higher rates
for all of the male attorneys compared to the rates requested for
female attorneys who had the same or even more experience and who
played larger or equally significant roles in this litigation.
The Court also notes that the law firms requested higher hourly
rates for a male paralegal with significantly less experience
than a female paralegal and for a male non-attorney ediscovery
manager, compared to the female staff attorney who was
responsible for many ediscovery matters.

at 20.  Based on the information provided by counsel, the Court's
knowledge of the prevailing market rates in the community, the
rate requested for Ms. Sugihara, and the nature of this action,
the Court finds that the requested rate for Mr. Lam is excessive
and that $280 per hour is reasonable.  See Du Preez v. Banis, No.
CV 14-00171 LEK-RLP, 2017 WL 6523162, at *3 (D. Haw. Oct. 18,
2017), *adopted by*, 2017 WL 6519015 (D. Haw. Dec. 20, 2017)
(awarding $275 per hour for an attorney with nineteen years of
experience).

Fifth, Defendants request $280 per hour for Ms.
Cluverius, an attorney with twelve years of experience.
Plaintiff argues that this rate should be reduced.  ECF No. 409
at 12-13.  The Court agrees.  Based on the information provided
by counsel and the Court's knowledge of the prevailing market
rates in the community, the Court finds that the requested rate
for Ms. Cluverius is excessive and that $240 per hour is
reasonable.  See Bruser v. Bank of Haw., No. CV 14-00387 LEK-RLP,
2016 WL 11185592, at *6 (D. Haw. Oct. 31, 2016), *adopted by*, 2017
WL 1534189 (D. Haw. Apr. 27, 2017) (finding that $210 per hour
was a reasonable rate for an attorney with ten years of
experience).

Sixth, Defendants request $215 per hour for Mr.
Schultz, an attorney with eight years of experience.  Plaintiff
argues that this rate should be reduced.  ECF No. 409 at 12-13.

The Court agrees.  The Court notes that Defendants requested $200 per hour for Ms. Owens, an attorney with two more years of experience than Mr. Schultz.  See ECF No. 395-1 at 20.  Based on the information provided by counsel, the Court's knowledge of the prevailing market rates in the community, the rate requested for Ms. Owens, and the nature of this action, the Court finds that the requested rate for Mr. Schultz is excessive and that $195 per hour is reasonable.  See Starr Adjustment Servs., Inc. v. Rucker, No. MC 17-00133 DKW-KSC, 2017 WL 4106075, at *3 (D. Haw. Sept. 15, 2017) (finding that a rate of $185 per hour was reasonable for an attorney with eight years of experience).

Seventh, Defendants request $210 per hour for Ms. Svedberg, an attorney with five years of experience.  Plaintiff argues that this rate should be reduced.  ECF No. 409 at 12-13. The Court agrees.  Based on the information provided by counsel, the Court's knowledge of the prevailing market rates in the community, and the nature of this action, the Court finds that the requested rate for Ms. Svedberg is excessive and that $175 per hour is reasonable.  See Liberty Mut. Ins. Co. v. Sumo-Nan LLC, No. CV 14-00520 DKW-KSC, 2017 WL 810277, at *10 (D. Haw. Mar. 1, 2017) (awarding $175 per hour to an attorney with five years of experience).

Eighth, regarding paralegal work, Defendants request $180 per hour for Mr. Woods, who has 23 years of experience, $160

per hour for Ms. Buonforte, who has 38 years of experience, and $150 for Ms. Maitelanen, who has eight years of experience. Defendant appears to concede in its Reply that these rates are excessive.  See ECF No. 413 at 9-10.  The Court reduces the rates as follows based on years of experience and the prevailing rates awarded for paralegal work in this community:  $100 per hour for Mr. Woods; $100 per hour for Ms. Buonforte; and $85 per hour for Ms. Maitelanen.  See Bruser, 2016 WL 11185592, at *3 (awarding a rate of $110 per hour for a paralegal with over 40 years of experience).

Finally, Defendants request $210 per hour for work performed by Gray Wallington, Nexsen Pruet's former Director of eDiscovery and ESI Services, a non-attorney who has over fifteen years of ediscovery experience.  ECF No. 395-1 at 30; ECF No. 395-10 at 17-18.  The Court finds that the hourly rate requested for Mr. Wallington is excessive, especially in light of the $180 hourly rate requested for Ms. Sharpe, the staff attorney tasked with significant ediscovery responsibilities in this case.  See ECF No. 395-10 at 21-22.  The Court finds that $150 per hour is a reasonable rate for Mr. Wallington.

### 2.  Hours Reasonably Expended

For the same reasons as those discussed above, the Court finds that federal case law regarding the determination of reasonable hours spent is instructive in this case.  Defendants

12

bear the burden of documenting the appropriate hours expended in the litigation and must submit evidence in support of those hours worked.  See Smothers v. Renander, 633 P.2d 556, 563 (Haw. Ct. App. 1981) (stating that it is the prevailing party's burden to show that the fee is for services reasonably and necessarily incurred).  The court must guard against awarding fees and costs that are excessive and must determine which fees and costs were self-imposed and avoidable.  Tirona v. State Farm Mut. Auto. Ins. Co., 821 F. Supp. 632, 637 (D. Haw. 1993) (citation omitted). Time expended on work deemed "excessive, redundant, or otherwise unnecessary" shall not be compensated.  See Gates, 987 F.2d at 1399 (quoting Hensley, 461 U.S. at 433-34).

### a.  Multiple Attorneys

Plaintiff challenges the fees requested by Defendants as excessive because Defendants requested fees for work performed by 23 lawyers.[6]  ECF No. 409 at 7.  Plaintiff raises specific challenges to the time entries for seven "primary" attorneys that billed on this case and asks the Court to exclude all of the time requested for the remaining attorneys.  Id.  The Court finds that the number of attorneys on this case is not in and of itself unreasonable, especially considering that thirteen of the

---

[6] Plaintiff's Opposition states that fees for 24 lawyers are at issue.  ECF No. 409 at 5.  However, based on the Court's review of the Motion and Opposition, it appears that Plaintiff is including in his list Mr. Wallington, a non-attorney who provided ediscovery services.

attorneys at issue exclusively performed discovery document
review and billed at the reduced rate of $75 per hour.  The Court
declines to exclude all of the time as requested by Plaintiff for
the work performed by the document review contract attorneys, Ms.
Sharpe, Ms. Cluverius, Ms. Patel, and Mr. Wallington.  However,
the Court has carefully reviewed the time entries for these
individuals and finds that certain reductions are necessary.[7]

As noted above, thirteen contract attorneys performed
discovery document review and were supervised by Ms. Sharpe.  The
Court has carefully reviewed the time entries of the contract
attorneys and the information provided by Defendant regarding the
scope of discovery, and finds that the hours requested by the
document review team are excessive.  See ECF No. 395-34.  In
total, the thirteen contract attorneys billed 1110.1 hours
reviewing and analyzing documents.  See ECF No. 395-10 at 27.
Although Defendants state that these attorneys reviewed
approximately 62,000 documents, based on the number of custodians
and the numbers of pages that appear to have been involved, the
hours spent by the review team reviewing and analyzing these
documents is excessive.  See ECF No. 395-10 at 16-18, 22.  The
Court reduces these hours by 30 percent and deducts 333 hours
from the time requested by the document review team.

---

[7] The Court does not address the hours requested for work
performed by Ms. Cluverius, because, as discussed in detail
below, the Court finds that none of this time is recoverable.

14

Regarding the time requested for work performed by Ms. Sharpe, the Court finds that some of the time requested is excessive. <u>See</u> ECF No. 395-32. Ms. Sharpe billed 57.6 hours to prepare for the depositions of Chris Breault, Avi Reichental, Tory Sirkin, and Plaintiff. <u>Id.</u> at 20-21. In light of the time billed by other attorneys for the preparation and attendance at these depositions, the Court finds that this time is excessive and unreasonable. <u>See</u>, <u>e.g.</u>, ECF No. 395-12 at 115-119, 127-128; ECF No. 395-14 at 48-51. Further, the Court finds that the 47.4 hours billed by Ms. Sharpe for preparing the exhibit list is also excessive given the significant time billed by other attorneys for the preparation of the exhibit list. <u>See</u>, <u>e.g.</u>, ECF No. 395-14 at 83-86; ECF No. 395-32 at 22-24. In total, the Court deducts 105 hours from the time requested for Ms. Sharpe.

Regarding Ms. Patel, the Court finds that the hours requested related to working on deposition preparation and document review are excessive. <u>See</u> ECF No. 395-20. Ms. Patel billed 27 hours related to deposition preparation. <u>Id.</u> at 10-11. As noted above, other attorneys also billed significant time for preparing for these same depositions. In light of the time billed by other attorneys, the Court finds that these hours are excessive. Also, Ms. Patel billed over 100 hours related to document review. <u>See</u> <u>id.</u> at 2-9. The Court finds that these hours are excessive and should be deducted in light of

significant hours billed by Ms. Sharpe, who supervised the
document review team, and the contract attorneys who conducted
the document review.  In total, the Court deducts 127 hours from
the time requested for Ms. Patel.

Regarding Mr. Wallington, the Court finds that the
hours requested related to working on deposition preparation are
excessive and the hours requested for working on cost estimates
for the client are not compensable.  <u>See</u> ECF No. 395-30.  Mr.
Wallington billed 4.2 hours related to preparing cost estimates
for the client regarding ediscovery.  <u>Id.</u> at 2-4.  The Court
finds that these tasks are not compensable.  <u>See</u> <u>Black v. City,</u>
<u>Cty. of Honolulu</u>, No. CV 07-00299 DAE-LEK, 2010 WL 653026, at *11
(D. Haw. Feb. 22, 2010) (holding that work on a client agreement
regarding fees should be subsumed in the attorney's overhead).
Mr. Wallington also billed 14.6 hours for deposition preparation.
<u>See</u> ECF No. 392-30 at 15-17.  In light of the time billed by
other attorneys for the preparation and attendance at these
depositions, the Court finds that this time is excessive and
unreasonable.  <u>See</u>, <u>e.g.</u>, ECF No. 395-12 at 115-119, 127-128; ECF
No. 395-14 at 48-51.  In total, the Court deducts 18.8 hours from
the time requested for Mr. Wallington.

### a.  Duplicative Billing and Overbilling

Plaintiff argues that the hours requested by Defendants
should be reduced for conferences, meetings, discussions, and

16

other communications, for which multiple attorneys billed.  ECF
No. 409 at 17-18, 28-29.  Plaintiff provides specific time
entries and examples and also argues that there was a general
practice of overbilling in this action by Defendants' counsel.
Id.  As noted above, the Court must guard against awarding fees
and costs that are excessive and must determine which fees and
costs were self-imposed and avoidable.  Tirona, 821 F. Supp. at
637.  Further, two attorneys generally cannot bill for attending
the same meeting.  See Robinson v. Plourde, 717 F. Supp. 2d 1092,
1099 (D. Haw. 2010) (citing Brandon E. v. Dep't of Educ., No. CV
07-00536 ACK-LEK, 2008 WL 4602533, at *3 (D. Haw. Oct. 16,
2008)).  Accordingly, "when a party's counsel meet with one
other, the Court deducts the duplicative time billed."  Id.

     Plaintiff attached to his Opposition a chronological
list of all the time billed by seven of Defendants' attorneys.
See ECF No. 409-2.  A review of the time entries highlighted by
Plaintiff reflects that multiple attorneys billed for the same
communications or meetings.  Id.  Additionally, multiple
attorneys billed for attending the same hearings and proceedings.
Id.  The Court disagrees with Plaintiff that all of this
duplicative time was excessive.  For example, having multiple
attorneys work on a complex court filing is not necessarily
excessive.  However, the Court finds that a reduction in
Defendants' fees is necessary to account for duplicative billing

17

and redundant work by multiple attorneys in reviewing documents,
preparing for depositions, working on numerous court filings,
reviewing court orders, and for conference calls, meetings, and
email communications between and among Defendants' counsel.
Although the Court understands that a certain amount of overlap
and collaboration is to be expected when multiple firms are
involved, the hours billed in this action is excessive.
Additionally, because Local Rule 83.12(e)(5) requires local
counsel to participate in court hearings and proceedings, two
attorneys may bill for attending such proceedings.  However, even
with this allowance, a reduction is required here because as many
as four or five attorneys appeared for Defendants at certain
court proceedings and multiple attorneys attended depositions.

As noted in Plaintiff's Opposition, there are more than
6,100 time entries by the seven attorneys.  ECF No. 409 at 9.
Additionally, there are over 575 time entries from the sixteen
other attorneys that Plaintiff does not specifically address in
his Opposition.  See ECF Nos. 395-16, -20, -32, -34.  Given the
voluminous entries at issue, the Court declines to conduct an
hour-by-hour analysis and finds that an overall 20 percent
reduction in the fees requested is appropriate to account for
duplicative billing.  See Gates, 987 F.2d at 1399 (holding that
when faced with a "voluminous" or "massive" fee application, the
court "is not required to set forth an hour-by-hour analysis . .

18

. [and] has the authority to make across-the-board percentage cuts either in the number of hours claimed or in the final lodestar figure").

### b. Clerical tasks

Plaintiff contends that Defendants' fee request must be reduced for the hours billed for completing clerical tasks. See ECF No. 409-4. Clerical costs are part of an attorney's overhead and are reflected in the charged hourly rate. Jeremiah B. v. Dep't of Educ., Civil No. 09-00262 DAE-LEK, 2010 WL 346454, at *5 (D. Haw. Jan. 29, 2010) (citing Sheffer v. Experian Info. Solutions, Inc., 290 F. Supp. 2d 538, 549 (E.D. Pa. 2003)). Reviewing court notices regarding hearings and deadlines are clerical and not compensable. See, e.g., Nicholas M. ex rel. Laura M. v. Dep't of Educ., Civ. No. 09-00162 HG-LEK, 2010 WL 234862, at *5 (D. Haw. Jan. 21, 2010).

In Reply, Defendants concede that 31.9 hours ($10,179 in fees) of the hours highlighted by Plaintiff are clerical and not compensable.[8] See ECF No. 413 at 13. In addition, the Court finds that the hours billed for communications with the Court and reviewing ministerial court notices are also clerical in nature. See ECF No. 409-4. The Court rejects Defendants' arguments that

---

[8] Defendants do not provide a breakdown of these hours or fees by law firm or by billing attorney. See ECF No. 413. Accordingly, for purposes of calculating the amount of fees to be awarded, the Court deducts the lump sum amount agreed upon by Defendants from the total fees requested by both law firms.

communications with the court are compensable.  See ECF No. 413
at 13.  These communications were mostly regarding dates for
court proceedings and were not substantive.  This Court has
repeatedly held that communicating with court staff is clerical
in nature and is not compensable.  See e.g., Synagro Techn., Inc.
v. GMP Haw., Inc., Civ. No. 04-00509 SPK/LEK, 2007 WL 851271, at
*12, (D. Haw. Mar. 15, 2007).  Accordingly, the Court finds that
an additional 13.5 hours ($4,025.50[9] in fees) are not
compensable.  The Court reduces the fees requested by $14,204.50
($10,179 agreed upon plus the $4,025.50 additional fees for court
communications) for clerical tasks.

### c.  Excessive Time

        Plaintiff argues that the time requested for trial,
discovery, and motions practice is excessive.  ECF No. 409 at 19-
20.  Defendants contends that the time requested reflects
counsel's necessary work at trial, in preparation for and
attendance at depositions, and to prepare several required court
filings.  ECF No. 413 at 15.  However, Defendants concede that
$5,528 in fees should be deducted.  Id.  In light of the agreed
upon reduction and the 20 percent overall reduction for
duplicative and excessive fees detailed above, the Court has
reviewed in detail the time entries at issue and finds that the

---

        [9] This amount was calculated using the reduced rate for Mr.
Benedict discussed above.

remaining hours requested by Defendants are reasonable.  The
Court finds that $5,528 in fees should be deducted as excessive.

### d. Unrelated Time

Plaintiff argues Defendants' fee request must be
reduced for the 36 hours that were billed for work that was not
related to defending this case.  See ECF No. 409 at 20-21.  In
their Reply, Defendants explain that many of the time entries at
issue are for work in this action, but it was work that was
completed before Plaintiff's current counsel appeared.  ECF No.
413 at 16.  Defendants concede that their fee request should be
reduced by $6,724 to account for other time entries that were for
unrelated matters.  Id.  Based on the Court's review of the time
entries at issue, the Court finds that $6,724 should be deducted
from Defendants' fees request for unrelated matters.

### e. Time Spent on Equitable Accounting

Plaintiff argues that Defendants cannot recover fees
for the equitable accounting phase of this action because
Defendants previously represented to the Court that they would
not be seeking such fees.  ECF No. 409 at 22-26.  The Court
agrees and is unpersuaded by Defendants' arguments to the
contrary.  Defendants concede that they took the position that
they would not seek to recover fees for the equitable accounting
portion of this case.  ECF No. 413 at 17.  Although the district
court included in its Findings of Fact and Conclusions of Law a

21

statement that claims for unjust enrichment are in the nature of assumpsit under Hawaii law, <u>see</u> ECF No. 391 ¶ 42, that statement does not entitle Defendants to change its position and seek fees for the accounting, which they had previously represented to the court that they would not be seeking.  <u>See</u> ECF No. 386 at 126-28. The district court also stated in its Findings of Fact and Conclusions of Law that "no injustice occurs" if Defendants are not able to fully recover their attorneys' fees.  ECF No. 391 ¶ 53.  The Court agrees that the fees requested for the equitable accounting portion of this action should be deducted from Defendants' fee request.  Defendants argue in their Reply that certain time entries totalling $5,446 identified by Plaintiff are not related to the equitable accounting.  ECF No. 413 at 17 n.5. Based on the Court's careful review of the time entries at issue, the Court agrees that the entries identified by Defendants are recoverable.  <u>See</u> ECF No. 409-7; ECF No. 422-1 at 2.  The Court deducts $276,325.00 for fees related to the equitable accounting portion of this action.

      In addition to the time entries identified by Plaintiff in his Opposition, the Court also notes that all of the fees requested for Ms. Cluverius are for work performed for the equitable accounting portion of this action.  <u>See</u> ECF No. 395-16. Accordingly, the Court finds that no fees are recoverable for the work performed by Ms. Cluverius.

### f.  Overstaffing

Plaintiff argues Defendants' fee request must be reduced for overstaffing.  See ECF No. 409 at 26.  Plaintiff provides examples of the overstaffing at issue, noting that there are many entries for reviewing emails between counsel or calls between counsel to coordinate efforts.  Id.  In Reply, Defendants state that most of the time entries at issue are for necessary time spent by local counsel and there are few instances of duplicative time entries.  ECF No. 413 at 18.  Of the reductions proposed by Plaintiff, Defendants concede that a reduction of $14,176 is appropriate.  Id.  Based on the Court's review of the time entries at issue, and in light of the deductions addressed above for duplicative and excessive billing, the Court finds that $14,176 should be deducted from Defendants' fees request for overstaffing and finds that the remaining hours are reasonable.

### g. Vague Entries

Plaintiff challenges the level of information provided in several of Defendants' counsel's time entries.  ECF No. 409 at 27-28.  The party seeking an award of fees "must describe adequately the services rendered, so that the reasonableness of the requested fees can be evaluated."  LR54.3(d)(2).  Here, Plaintiff argues that many entries do not contain enough information to allow the court to determine the reasonableness of the hours expended.  Id.  Defendants assert the reasonableness of

most of the challenged time entries can be gleaned by reading
them in the context of the surrounding entries. ECF No. 413 at
19. Defendants concede that the fees requested should be reduced
by $18,374 for inadequate descriptions. Id. Based on the
Court's review of the time entries at issue, the Court finds that
$18,374 should be deducted from Defendants' fees request for
inadequate descriptions and finds that the remaining hours are
reasonable.

### h. Paralegal Time

Plaintiff argues that the fees requested for paralegal
work must be reduced as excessive. See ECF No. 409 at 32.
Plaintiff contends that many of the time entries for paralegal
work are also vague and indicate that the tasks completed were
clerical in nature. Id. Defendants do not address these
arguments in their Reply. See ECF No. 413. As an initial
matter, the Court deducts 3.9 hours from Ms. Buonforte's time and
318.2 hours from Mr. Woods' time related to the equitable
accounting proceedings. See ECF No. 395-24 at 31-52, ECF No.
395-26 at 10-11. Further, based on the Court's review of Ms.
Buonforte's time entries, many of the tasks that she completed
were clerical in nature and are not compensable. See ECF No.
395-26 at 2-9 (listing time spent preparing notebooks,
downloading documents, and scheduling). The Court deducts an
additional 20 hours from Ms. Buonforte's time for these tasks.

24

Additionally, many time entries for Mr. Woods also indicate time spent on clerical tasks. See ECF No. 395-24 (reflecting time spent calling court reporters and process services, uploading documents, and scheduling). The Court deducts 20 hours from Mr. Woods' time for these tasks. The Court also finds that the 239.6 hours that Mr. Woods spent preparing materials for depositions between July and September 2014 is excessive, and deducts 120 of these hours. See id. at 9-16. Finally, the Court finds that the hours requested for work by Ms. Maitelanen are reasonable. See ECF No. 395-26. In total, the Court deducts 23.9 hours from the time requested for Ms. Buonforte and 458.2 hours from the time requested for Mr. Woods.

### 3. Total Lodestar Calculation

Based on the foregoing, the Court finds that Defendants have established the appropriateness of an award of attorneys' fees as follows:

| **ATTORNEY** | **HOURS** | **RATE** | **TOTAL** |
|---|---|---|---|
| Thomas Benedict, Esq. | 566.8 | $325 | $184,210.00 |
| Nicole Setzler Mergo, Esq. | 2091.4 | $320 | $669,248.00 |
| Dawn Sugihara, Esq. | 1,132.3 | $290 | $328,367.00 |
| Christopher Lam, Esq. | 1583.5 | $280 | $443,380.00 |
| Jennifer Cluverius, Esq. | 0[10] | $240 | $0 |

---

[10] 175.4 hours requested – 175.4 hours for work related to the equitable accounting portion of this action = 0 hours.

25

| | | | |
|---|---|---|---|
| Marissa Owens, Esq. | 155.2 | $200 | $30,080.00[11] |
| Jonathan Schultz, Esq. | 458.8 | $195 | $89,466.00 |
| Sima Patel, Esq. | 227.8[12] | $230 | $52,394.00 |
| Sara Svedberg, Esq. | 224.4 | $175 | $39,270.00 |
| Kelvin Woods, paralegal | 851[13] | $100 | $85,100.00 |
| Mary Ann Buonforte, paralegal | 111.1[14] | $100 | $11,110.00 |
| Cristen Maitelanen, paralegal | 21.4 | $85 | $1,819.00 |
| Gray Wallington, eDiscovery Director | 62[15] | $150 | $9,300.00 |
| Jennifer McCune Sharpe, Esq. | 230.2[16] | $180 | $41,436.00 |
| "Document Review Team" | 777.1[17] | $75 | $58,282.50 |
| **Subtotal** | | | **$2,043,462.50** |
| *20% reduction for duplicative billing* | | | *($408,692.50)* |
| *Deduction for clerical tasks* | | | *($14,204.50)* |

---

[11] As noted above, the amount requested for work completed by Ms. Owens includes hours that were billed at a lower rate.

[12] 354.8 hours requested - 127 hours for excessive fees = 227.8 hours.

[13] 1309.2 hour requested - 318.2 hours for work on the equitable accounting proceedings - 20 hours for clerical tasks - 120 hours for excessive time = 851 hours.

[14] 135 hours requested - 3.9 hours for work on the equitable accounting proceedings - 20 hours for clerical tasks = 111.1 hours.

[15] 80.8 hours requested - 4.2 hours for cost estimates - 14.6 hours for excessive time = 62 hours.

[16] 335.2 hours requested - 105 hours for excessive fees = 230.2.

[17] 1110.1 hours requested - 333 hours for excessive fees = 777.1.

| | |
|---|---|
| *Deduction for excessive time* | *($5,528.00)* |
| *Deduction for unrelated matters* | *($6,724.00)* |
| *Deduction for equitable accounting* | *($276,325.00)* |
| *Deduction for overstaffing* | *($14,176.00)* |
| *Deduction for inadequate entries* | *($18,374.00)* |
| *Subtotal of Deductions* | *$744,024.00* |
| **Total** | **$1,299,408.50** |

The Court finds that Defendants do not provide sufficient information for the Court to award general excise tax. In their Motion, Defendants request general excise tax on the fees requested by Goodsill. ECF No. 395. However, in their Reply, Defendants do not provide a calculation of the total fees requested by Goodsill in light of the agreed upon reductions and do not provide an amount of general excise tax requested. See ECF No. 413 at 22. Instead, Defendant's Reply states that such fees are "TBD." Id. As detailed above, Defendants agree in their Reply to certain lump sum deductions, but do not differentiate between law firms or attorneys in the numbers of hours or amount of fees to be deducted. See id. at 16, 18-20, 22. Instead, Defendants state generally that a lump sum number of hours and dollar amount is recoverable. Id. Accordingly, the Court is without sufficient information to determine the amount of general excise tax.

In total, the Court recommends that Defendants be awarded $1,299,408.50 in attorneys' fees.

27

### D . Twenty-Five Percent Limitation

As noted above, Hawaii Revised Statutes Section 607-14 limits the award of attorneys' fees to twenty-five percent of the amount sued for if the defendant obtains judgment.  Haw. Rev. Stat. § 607-14.  Here, the jury returned a verdict in favor of Defendants on Plaintiff's claims for breach of contract, breach of the implied covenant, and unjust enrichment.  ECF No. 282; see also ECF No. 391 at 3.  Plaintiff's Complaint requests damages in the amount of $7,818,000.  ECF No. 1 at 29.  The attorneys' fees that this Court recommends be awarded are within the twenty-five percent limitation of the amount sued for by Plaintiff.

### E.  Pre-Judgment Interest

Defendants request an award of prejudgment interest on the judgment of $522,860.24, from August 3, 2011 (date of the first breach), until April 2, 2018 (date of the judgment), in the amount of $348,668.99 based on the Findings of Fact and Conclusions of Law and Order, entered March 30, 2018.  ECF No. 395-1 at 38.  Plaintiff does not address this request in his Opposition.  See ECF No. 409.  Based on the calculation provided by Defendants and the Findings of Fact and Conclusions of Law and Order, the Court RECOMMENDS that Defendants be awarded $348,668.99 in pre-judgment interest.

### E.  Post-Judgment Interest

Defendants also requests an award of post-judgment

28

interest.  ECF No. 395-1 at 39.  Plaintiff does not address this request in his Opposition.  See ECF No. 409.  Defendants do not provide the applicable statutory rate or any calculation of post-judgment interest in their Motion or Reply.  See ECF No. 395-1; ECF No. 413 (stating in their final calculation that the amount of "post judgment interest at the statutory rate" is "TBD").  The district court has already ruled that Defendants are entitled to recover post-judgment interest as permitted by 28 U.S.C. § 1961(a) in the Findings of Fact and Conclusions of Law.  See ECF No. 391.  Accordingly, Defendants' request appears redundant. The Court RECOMMENDS that this request be denied as moot.

### C.  Non-Taxable Expenses

Defendant also seeks an award of non-taxable costs. ECF No. 395-1 at 32.  Although Section 607-14 does not expressly authorize an award of non-taxable costs in addition to attorneys' fees, Hawaii courts have awarded non-taxable costs pursuant to Section 607-14.  See BlueEarth Biofuels, LLC v. Hawaiian Elec. Co., No. CIV. 09-00181 LEK-KSC, 2015 WL 881577, at *20-*21 (D. Haw. Feb. 27, 2015).

Defendants seek an award of the following non-taxble costs: $43,730 for expert fees; $2,945.03 for mediation fees; $22,284.62 for travel; $600 pro hac vice fees; and $2,083.32 for conference room charges.  ECF No. 395-1 at 32-37.  Plaintiff does not challenge the non-taxable expenses claimed by Defendants.

29

<u>See</u> ECF No. 409 at 34.  Based on its review of Defendants'
request, the Court FINDS that the requested non-taxable expenses
were reasonably incurred in this litigation and RECOMMENDS that
the district court award expenses in the amount of $71,642.97.

<u>CONCLUSION</u>

In accordance with the foregoing, the Court FINDS AND
RECOMMENDS that Defendants 3D Systems Corporation and 3D System,
Inc.'s Motion for an Award of Attorneys' Fees be GRANTED IN PART
AND DENIED IN PART as follows: the Court RECOMMENDS that
Defendants be awarded $1,299,408.50 in attorneys' fees,
$348,668.99 in prejudgment interest, and $71,642.97 in non-
taxable costs.  The Court RECOMMENDS that Defendants' redundant
request for post-judgment interest be DENIED AS MOOT.

IT IS SO FOUND AND RECOMMENDED.

DATED AT HONOLULU, HAWAII, JUNE 15, 2018.



Richard L. Puglisi
United States Magistrate Judge

**BARRANCO V. 3D SYSTEMS CORP., ET AL.**; CIVIL NO. 13-00412 LEK-RLP;
FINDINGS AND RECOMMENDATION TO GRANT IN PART AND DENY IN PART
DEFENDANTS 3D SYSTEMS CORPORATION AND 3D SYSTEM, INC.'S MOTION FOR AN
AWARD OF ATTORNEYS' FEES

30