IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | | |
|---|---|---|
| RONALD BARRANCO, | ) | CIVIL NO. 13-00412 LEK-RLP |
| Plaintiff, | ) | |
| vs. | ) | |
| 3D SYSTEMS CORPORATION, a Delaware corporation, 3D SYSTEMS, INC., a California corporation, ABRAHAM REICHENTAL, DAMON GREGOIRE, | ) | |
| Defendants. | ) | |

**ORDER GRANTING IN PART AND DENYING IN PART PLAINTIFF'S
RULE 52(b)/59(e) MOTION TO AMEND BENCH FINDINGS AND JUDGMENT**

On April 19, 2018, Plaintiff Ronald Barranco ("Plaintiff") filed his Rule 52(b)/59(e) Motion to Amend Bench Findings and Judgment ("Motion"). [Dkt. no. 398.] On May 4, 2018, Defendants 3D Systems Corporation and 3D Systems, Inc. ("Defendants") filed their memorandum in opposition, and Plaintiff filed his reply on May 18, 2018. [Dkt. nos. 408, 411.] The Court has considered the Motion as a non-hearing matter pursuant to Rule LR7.2(e) of the Local Rules of Practice of the United States District Court for the District of Hawai`i ("Local Rules"). Plaintiff's Motion is granted in part and denied in part for the reasons set forth below.

## BACKGROUND

The background of this matter is well known to the parties, and the Court will only discuss the background relevant to the Motion. On May 27, 2016, following a trial, the jury returned verdict in favor of Defendant on all of Plaintiff's claims and in favor of Defendants on their counterclaim for breach of the Non-Compete Provision ("Non-Compete") contained within the parties' Purchase and Sale Agreement ("PSA"). [Dkt. no. 282.] On May 9, 2017, in its Order Denying Plaintiff's Oral Motion for Judgment as a Matter of Law ("5/9/17 Order"), this Court concluded, based on the jury's verdict, that Defendants were entitled to an equitable accounting. [Dkt. no. 300.[1]] On November 20, 2017, this Court conducted a one-day bench trial to perform the equitable accounting. [Minutes, (dkt. no 382).] On March 30, 2018, this Court issued its Findings of Fact and Conclusions of Law and Order ("FOFCOL"). [Dkt. no. 391.[2]] The FOFCOL found as facts, and ultimately ordered that, *inter alia*:

> 17. On August 10, 2016, Barranco exercised the Buyout. 3D Systems issued Barranco a check in the amount of $120,818.00 ("Buyout Payment"). . . .
>
> 18. Barranco did not cash the check tendering the Buyout Payment. However, the amount of the Buyout Payment is still owed pursuant to the PSA].
>
> . . . .

---

[1] The 5/9/17 Order is also available at 2017 WL 1900970.

[2] The FOFCOL is also available at 307 F. Supp. 3d 1075.

> 4. Fashioning complete relief in this case requires that Barranco disgorge, and 3D Systems recover:
>
> ```
> $229,117.94 - Salary
> $233,333.33 - Up Front Payment
> $      0.00 - Royalty Payments
> $ 60,409.00 - Buyout Payment
> $522,860.24 - Total
> ```

307 F. Supp. 3d at 1082, 1103.

## **STANDARD**

Federal Rule of Civil Procedure 52(b) provides: "On a party's motion filed no later than 28 days after the entry of judgment, the court may amend its findings – or make additional findings – and may amend the judgment accordingly. The motion may accompany a motion for a new trial under Rule 59."

Federal Rule of Civil Procedure 59(e) provides: "A motion to alter or amend a judgment must be filed no later than 28 days after the entry of the judgment."

## **DISCUSSION**

### I. **Buyout Payment**

The parties dispute the intent and effect of the ordered partial disgorgement of the Buyout Payment. To provide clarity, pursuant to Rule 59(e), the Court amends paragraph 4 of the judgment as follows:

> 4. Fashioning complete relief in this case requires both:

a) that Barranco disgorge, and 3D Systems recover:

$229,117.94 - Salary
$233,333.33 - Up Front Payment
$      0.00 - Royalty Payments
$462,451.24 - Total; and

b) that Barranco disgorge half of his rights to the Buyout Payment under the PSA; for example, if $120,818.00 is due and owing to Barranco under the PSA, then $60,409.00 is disgorged and is no longer due and owing, and $60,409.00 remains due and owing.

## II. **This Court's Authority to Order Equitable Relief**

### A. **Findings of Fact Related to Plaintiff's Legal Argument**

Plaintiff argues the Court's disgorgement order provides legal, not equitable, relief, and runs afoul of his right to a jury trial under the Seventh Amendment. Plaintiff asks the Court to note that Defendants failed to show that the particular funds to be disgorged remained in Plaintiff's possession and were not dissipated. Plaintiff states the disgorgement order, therefore, "[o]bviously . . . will not withstand appellate review." [Reply at 9.] This Court disagrees with Plaintiff's legal conclusions. However, to aid a reviewing court in considering this issue, the Motion is granted insofar as the Court amends its findings of fact, pursuant to Rule 52(b), and additionally finds as follows:

144. This Court makes no finding as to whether Barranco's Salary payments or his Up Front Payment pursuant to the PSA are

4

still within his possession.  No evidence probative of this issue was introduced in the record.

    145. This Court makes no finding as to whether Barranco's Salary payments or his Up Front Payment pursuant to the PSA are now, or ever were, mingled with other funds within Barranco's possession.  No evidence probative of this issue was introduced in the record.

### B. <u>Reconsideration under Rule 59(e) Is Not Warranted</u>

Plaintiff urges this Court to reconsider its conclusions of law, amend the judgment pursuant to Rule 59(e), and impose $0 in liability.  This Court has stated:

> Rule 59(e) offers "an extraordinary remedy, to be used sparingly in the interests of finality and conservation of judicial resources." <u>Carroll v. Nakatani</u>, 342 F.3d 934, 945 (9th Cir. 2003) (internal quotation marks and citation omitted). In the Ninth Circuit, a successful motion for reconsideration must accomplish two goals.  First, "a motion for reconsideration must demonstrate some reason why the court should reconsider its prior decision." <u>Na Mamo O `Aha `Ino v. Galiher</u>, 60 F. Supp. 2d 1058, 1059 (D. Haw. 1999).  Second, it "must set forth facts or law of a strongly convincing nature to induce the court to reverse its prior decision." <u>Id.</u>
>
> Courts have established three grounds justifying reconsideration: (1) an intervening change in controlling law; (2) the availability of new evidence; and (3) the need to correct clear error or prevent manifest injustice. <u>Allstate Ins. Co. v. Herron</u>, 634 F.3d 1101, 1111 (9th Cir. 2011); <u>Mustafa v. Clark County Sch. Dist.</u>, 157 F.3d 1169, 1178-79 (9th Cir. 1998).  The District of Hawaii has implemented these standards in Local Rule 60.1.
>
> Mere disagreement with a previous order is an insufficient basis for reconsideration. See <u>Leong v. Hilton Hotels Corp.</u>, 689 F. Supp. 1572, 1573 (D. Haw. 1988) (Kay, J.).  In addition, a Rule 59(e) motion for reconsideration may not present

5

> evidence or raise legal arguments that could have been presented at the time of the challenged decision. See <u>Kona Enters., Inc. v. Estate of Bishop</u>, 229 F.3d 877, 890 (9th Cir. 2000). "Whether or not to grant reconsideration is committed to the sound discretion of the court." <u>Navajo Nation v. Confederated Tribes and Bands of the Yakama Indian Nation</u>, 331 F.3d 1041, 1046 (9th Cir. 2003).

<u>Terr. of Am. Samoa v. Nat'l Marine Fisheries Serv.</u>, CIVIL 16-00095 LEK-KJM, 2017 WL 8316931, at *3 (D. Hawai`i Aug. 10, 2017) (citation omitted). A Rule 59(e) motion "is not intended to be used to reiterate arguments, facts and law already presented to the court." <u>Grandinetti v. Sells</u>, CIV. NO. 16-00517 DKW/RLP, 2016 WL 6634868, at *1 (D. Hawai`i Nov. 8, 2016) (citation omitted).

The portion of the Motion seeking reconsideration on the grounds that the FOFCOL ordered legal relief beyond the scope of this Court's equity jurisdiction merely reiterates argument already considered and rejected by this Court. Plaintiff has repeatedly presented to the Court his argument that, under <u>Dairy Queen, Inc. v. Wood</u>, 369 U.S. 469 (1962) and its progeny, this Court, sitting in equity, lacks jurisdiction to provide Defendants a remedy for Plaintiff's breach of the Non-Compete Agreement. See Plaintiff's Supplemental Brief in Support of His Motion for Judgment As a Matter of Law, Re: "Accounting", filed 5/24/16 (dkt. no 267), at 4 (citing <u>Dairy Queen</u>); Plaintiff's letter brief, filed 5/30/17 (dkt. no. 301), at 3 (citing <u>Dairy</u>

6

Queen); Plaintiff's letter brief, filed 8/28/17 (dkt. no. 316), at 3 (citing Dairy Queen); Plaintiff's Proposed Findings of Fact and Conclusions of Law, filed 11/6/17 (dkt. no. 356), at 5 (citing Dairy Queen); Plaintiff's Proposed Findings of Fact and Conclusions of Law, filed 2/2/18 (dkt. no. 388-1), at 38-48 (citing Dairy Queen).

This Court has long acknowledged, and disagreed with, Plaintiff's position. See 5/9/17 Order, 2017 WL 1900970, at *4 (citing Dairy Queen); FOFCOL, 307 F. Supp. 3d at 1101 (concluding Defendants were entitled seek, as an alternative to contract damages, disgorgement of consideration they provided to Plaintiff). Moreover, this Court's conclusions of law contained detailed discussion of the scope of equitable jurisdiction, equitable versus legal restitution, and the purpose of unjust enrichment under Hawai`i law. See id. at 1098-1101. Plaintiff does not claim there has been an intervening change in controlling law, present new evidence, or present any other grounds warranting reconsideration.

Although this Court could stop its analysis there, for completeness, it will briefly explain why it continues not to accept Plaintiff's legal argument. First, Plaintiff's authority is inapposite because the FOFCOL's disgorgement order could not be characterized as compensation at law for damages. Plaintiff relies heavily on Bayer v. Neiman Marcus Group, Inc., and argues

7

that unless the equitable remedy "'restore[s] to the plaintiff particular funds . . . in the defendant's possession,'" the remedy "is appropriately characterized as legal" because it "simply seek[s] to impose general personal liability on a defendant for money allegedly owed to the plaintiff." 861 F.3d 853, 866 (9th Cir. 2017) (citation omitted) (quoting <u>Great-West Life & Annuity Ins. Co. v. Knudson</u>, 534 U.S. 204, 214, 122 S. Ct. 708, 151 L. Ed. 2d 635 (2002)). Plaintiff ignores that, in <u>Bayer</u>, the ordered relief was legal, and could not be deemed equitable, because there is no "equitable power to make [the plaintiff] whole by awarding him money to reimburse medical expenses and legal costs he incurred due to unlawful conduct[:] such monetary relief is properly characterized as compensatory damages, the classic form of legal relief." 861 F.3d 853, 866 (9th Cir. 2017) (citing <u>F.A.A. v. Cooper</u>, 566 U.S. 284, 307, 132 S. Ct. 1441, 182 L. Ed. 2d 497 (2012) (acknowledging that "compensatory damages . . . compensate the injured party for the injury sustained . . . such as will . . . replace the loss caused by the wrong or injury")). In this case, Plaintiff's breach of the Non-Compete Provision did not cause damages to Defendants. 307 F. Supp. 3d at 1091. In the absence of damages, a jury could not award damages at law. This case is not like <u>Bayer</u> because the FOFCOL did not order "the classic [or any] form of legal relief." <u>See</u> <u>Bayer</u>, 861 F.3d at 866.

Second, Plaintiff's position inappropriately causes federal courts sitting in diversity to enforce a uniform rule in an area where different states have chosen different substantive law. As discussed in the FOFCOL, some states limit damages for breach of a non-compete agreement to the non-breaching party's damages at law, while other states, including Hawai`i, allow the non-breaching party to recover in disgorgement benefits it provided to the breaching party. See FOFCOL, 307 F. Supp. 3d at 1101 (citing cases). To the extent Plaintiff argues Defendants' failure to prove they were injured by Plaintiff's breaching conduct necessarily means Defendants cannot recover for Plaintiff's breaching conduct, that is not an accurate statement of Hawai`i law. Under Hawai`i law, disgorgement is available for breach of contract. Id. at 1094 (citing Eckard Brandes, Inc. v. Riley, 338 F.3d 1082, 1088 (9th Cir. 2003). This Court properly exercised its discretion to award "'equitable relief in the form of disgorgement.'" See id. at 1098 (quoting Hawaiian Ass`n of Seventh-Day Adventists v. Wong, 130 Hawai`i 36, 49, 305 P.3d 452, 465 (2013)). Moreover, the FOFCOL vindicated one of the purposes of ordering disgorgement under Hawai`i law, which "'is to deter wrongdoers.'" See id. at 1100 (quoting Exec. Risk Indem., Inc. v. Pac. Educ. Servs., Inc., 451 F. Supp. 2d 1147, 1156 (D. Hawai`i 2006)).

Third, this Court questions whether Plaintiff's late assertion of arguments based on the Seventh Amendment has resulted in waiver. As an initial matter, Plaintiff does not claim the PSA was on a "take it or leave it" basis or that its Non-Compete Provision was inconspicuous, or involved unfair surprise. Plaintiff does not dispute that, when he negotiated the PSA, he was an experienced businessman, and was represented by counsel. Plaintiff has never claimed that, to the extent he agreed that remedies for breach would be determined by a judge sitting in equity rather than a jury finding damages at law, that his agreement was not "voluntary, knowing, and intelligent." See Siopes v. Kaiser Found. Health Plan, Inc., 130 Hawai`i 437, 462, 312 P.3d 869, 894 (2013). In addition, on May 23, 2016, the parties filed their Joint Proposed Revisions to the Court's Proposed Special Verdict Form. [Dkt. no. 265.] The parties' proposed verdict form, like the verdict form the jury actually returned, [dkt. no. 282,] asked whether Barranco breached his promise under the Non-Compete Provision, but did not ask for a jury determination regarding the relief to be awarded. Under Hawai`i law, a trial court has the discretion to consider a jury's verdict in an advisory capacity when imposing equitable relief. Porter v. Hu, 116 Hawai`i 42, 57, 169 P.3d 994, 1009 (Ct. App. 2007). Regardless of whether Plaintiff could have requested the jury make a conclusive finding regarding the amount

of unjust enrichment, Plaintiff did not request that the jury make such a finding, even if advisory.

## CONCLUSION

On the basis of the foregoing, Plaintiff Ronald Barranco's Rule 52(b)/59(e) Motion to Amend Bench Findings and Judgment, filed April 19, 2018, is HEREBY GRANTED IN PART AND DENIED IN PART.  The Motion is granted insofar as this Court's Findings of Fact and Conclusions of Law and Order, filed March 30, 2018, is amended as stated in Parts I and II-A of this Order.  The Motion is otherwise denied.

IT IS SO ORDERED.

DATED AT HONOLULU, HAWAII, August 13, 2018.



/s/ Leslie E. Kobayashi
Leslie E. Kobayashi
United States District Judge


**RONALD BARRANCO VS. 3D SYSTEMS CORP., ET AL; CIVIL 13-00412 LEK-RLP; ORDER GRANTING IN PART AND DENYING IN PART PLAINTIFF'S RULE 52(b)/59(e) MOTION TO AMEND BENCH FINDINGS AND JUDGMENT**