IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | | |
|---|---|---|
| RONALD BARRANCO, | ) | CIVIL NO. 13-00412 LEK-RLP |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | |
| | ) | |
| 3D SYSTEMS CORPORATION, a | ) | |
| Delaware corporation, 3D | ) | |
| SYSTEMS, INC., a California | ) | |
| corporation, ABRAHAM | ) | |
| REICHENTAL, DAMON GREGOIRE, | ) | |
| | ) | |
| Defendants. | ) | |
| _____ | ) | |

**ORDER DENYING PLAINTIFF'S PARTIAL OBJECTIONS AND
ADOPTING, AS MODIFIED, THE MAGISTRATE JUDGE'S
FINDINGS AND RECOMMENDATION TO GRANT IN PART AND DENY IN PART
DEFENDANTS 3D SYSTEMS CORPORATION AND 3D SYSTEM, INC.'S
<u>MOTION FOR AN AWARD OF ATTORNEYS' FEES</u>**

On June 15, 2018, the magistrate judge issued his Findings and Recommendation to Grant in Part and Deny in Part Defendants 3D Systems Corporation and 3D System, Inc.'s Motion for an Award of Attorneys' Fees ("F&R"). [Dkt. no. 423.] On June 29, 2018, Plaintiff Ronald Barranco ("Plaintiff" or "Barranco") filed his partial objections to the F&R ("Objections"). [Dkt. no. 429.] On July 9, 2018, Defendants 3D Systems Corporation and 3D Systems, Inc. ("Defendants" or "3D Systems") filed their response to the Objections ("Response"). [Dkt. no. 432.] The Court has considered the Objections without a hearing, pursuant to Rule LR7.2(e) of the Local Rules of Practice of the United States District Court for the District of

Hawai`i ("Local Rules").  Plaintiff's Objections are denied and the F&R is adopted, as modified, for the reasons set forth below.

**BACKGROUND**

The background of this matter is well known to the parties, and the Court will only discuss the background relevant to the Objections.  On May 27, 2016, following a trial, the jury returned verdict in favor of Defendants on all of Plaintiff's claims and in favor of Defendants on their counterclaim for breach of a noncompete agreement.  [Dkt. no. 282.]  On May 9, 2017, in its Order Denying Plaintiff's Oral Motion for Judgment as a Matter of Law, this Court concluded, based on the jury's verdict, that Defendants were entitled to an equitable accounting.  [Dkt. no. 300.]  On November 20, 2017, this Court conducted a one-day bench trial to perform the equitable accounting.  [Minutes, (dkt. no. 383).]  On March 30, 2018, this Court issued its Findings of Fact and Conclusions of Law and Order ("FOF/COL").  [Dkt. no. 391.[1]]  The FOF/COL ruled: "judgment shall enter in favor of 3D Systems on its breach of contract counterclaim in the amount of $522,860.24."  307 F. Supp. 3d at 1103.

On April 13, 2018, Defendants filed their Motion for an Award of Attorneys' Fees ("Motion").  [Dkt. no. 395.]  On May 9, 2018, Plaintiff filed his memorandum in opposition, and

---

[1]  The FOF/COL is also available at 307 F. Supp. 3d 1075.

Defendants filed their reply on May 23, 2018. [Dkt. nos. 409, 413.] The F&R recommended that, pursuant to Haw. Rev. Stat. § 607-14, Defendants be awarded: "$1,299,408.50 in attorneys' fees, $348,668.99 in prejudgment interest, and $71,642.97 in nontaxable costs." [F&R at 30.] The Objections followed thereafter.

**STANDARD**

This Court has stated the legal standard applicable to its review of magistrate judge's findings and recommendations as follows:

> Local Rule 74.2 provides: "Any party may object to a magistrate judge's case dispositive order, findings, or recommendations . . . within fourteen (14) days after being served with a copy of the magistrate judge's order, findings, or recommendations." See also Fed. R. Civ. P. 72(b) ("Within 14 days after being served with a copy of the recommended disposition, a party may serve and file specific written objections to the proposed findings and recommendations.").
>
> . . . .
>
> When a party objects to a magistrate judge's findings or recommendations, the district court must review de novo those portions to which the objections are made and "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1); see also United States v. Raddatz, 447 U.S. 667, 673 (1980); United States v. Reyna-Tapia, 328 F.3d 1114, 1121 (9th Cir. 2003) (en banc) ("[T]he district judge must review the magistrate judge's findings and recommendations de novo if objection is made, but not otherwise.").

Under a de novo standard, this Court reviews "the matter anew, the same as if it had not been heard before, and as if no decision previously had been rendered." Freeman v. DirecTV, Inc., 457 F.3d 1001, 1004 (9th Cir. 2006); United States v. Silverman, 861 F.2d 571, 576 (9th Cir. 1988). The district court need not hold a de novo hearing; however, it is the court's obligation to arrive at its own independent conclusion about those portions of the magistrate judge's findings or recommendation to which a party objects. United States v. Remsing, 874 F.2d 614, 616 (9th Cir. 1989).

However, "'[f]rivolous, conclusive, or general objections [to a magistrate judge's report and recommendation] need not be considered by the district court.'" Rodriquez v. Hill, No. 13CV1191-LAB (DHB), 2015 WL 366440, at *1 (S.D. Cal. Jan. 23, 2015) (some alterations in Rodriquez) (quoting Marsden v. Moore, 847 F.2d 1536, 1548 (11th Cir. 1988)). Thus, an objection to findings "without any analysis as to why [they are] inaccurate" is "insufficient to trigger review of those findings." United States v. Rudisill, Nos. CR 97-327-PHX-ROX, CV 04-466-PHX-ROX, 2006 WL 3147663, at *1 (D. Ariz. Nov. 1, 2006) (citation omitted). If courts required review in such circumstances, "'judicial resources would be wasted and the district court's effectiveness based on help from magistrate judges would be undermined.'" Bridgeman v. Stainer, No. 12-CV-212 BEN (PCL), 2014 WL 1806919, at *1 (S.D. Cal. May 7, 2014) (some citations omitted) (quoting United State v. Midgette, 478 F.3d 616, 622 (4th Cir. 2007)); see also Reyna-Tapia, 328 F.3d at 1122 ("the underlying purpose of the Federal Magistrates Act is to improve the effective administration of justice" (citing Peretz v. United States, 501 U.S. 923, 928, 111 S. Ct. 2661, 115 L. Ed. 2d 808 (1991)). Further, "[o]bjections that would not alter the outcome are moot, and can be overruled on that basis alone." Rodriquez, 2015 WL 366440, at *1.

Muegge v. Aqua Hotels & Resorts, Inc., Civil 09-00614 LEK-BMK, 2015 WL 4041313, at *2 (D. Hawai`i June 30, 2015) (some alterations in Muegge) (some citations omitted).

**DISCUSSION**

I. **Nikole Mergo's Hourly Rate**

Plaintiff argues the magistrate judge erred by describing Nikole Mergo, Esq., as an attorney with twenty-eight years of experience, and notes she graduated law school in 1999. [Objections at 5.] Plaintiff argues the magistrate judge erred in approving as reasonable Ms. Mergo's requested rate of $320, and argues her rate should be reduced to either $290 or $300 to be comparable to the rate of $290 approved for Dawn Sugihara, Esq., who graduated law school in 2001. [Id. at 6.]

In light of Plaintiff's identification of the specific factual error related to Ms. Mergo's years of experience, this Court reviews her hourly rate de novo. See Motion, Aff. of Nikole Setzler Mergo ("Mergo Aff.") at ¶ 6 ("I have been a billing attorney in the private sector legal practice for nineteen (19) years."). The issue before this Court is whether "the requested hourly rate reflects prevailing community rates for similar services." Au v. Republic State Mortg. Co., Civ. No. 11-00251 JMS-KSC, 2014 WL 770291, at *6 (D. Hawai`i Feb. 25, 2014) (citing Jordan v. Multnomah County, 815 F.2d 1258, 1263 (9th Cir. 1987)). In evaluating Ms. Mergo's hourly rate, this

5

Court considers the prevailing market rates in Honolulu, not the prevailing markets rates in other jurisdictions where Defendant's mainland counsel also practices. See Muegge, 2015 WL 4041313, at *16 (some citations omitted) (citing Gates v. Deukmejian, 987 F.2d 1392, 1405 (9th Cir. 1992)). The Court also considers the experience, skill, and reputation of the attorney requesting the fees. Webb v. Ada Cty., 285 F.3d 829, 840 & n.6 (9th Cir. 2002).

Ms. Mergo describes her experience as follows. She graduated from the University of Virginia Law School in 1999. [Mergo Aff. at ¶ 11.] Since then, she has "continuously engaged in the practice of law in the private sector in the Columbia, South Carolina office of Nexsen Pruet," focusing on complex commercial litigation; served as the lead trial attorney and client relationship partner for many of her firm's largest clients; regularly developed case strategy and supervised partners, associates, and paralegals; and been recognized by and listed in *Chambers USA*, *Best Lawyers in America*, *Super Lawyers*, and *Legal Elite of the Midlands*. [Id.] In this case, Ms. Mergo served as lead counsel, and as co-lead trial counsel alongside Thomas Benedict, Esq. [Id. at ¶ 12.] Specific responsibilities "included the management of all document productions, defending and taking depositions, arguing motions, drafting briefs, and trying both the jury trial and the accounting trial with . . . local counsel." [Id. at ¶ 13.] The Court is familiar with the

prevailing rates for legal services in Honolulu, and finds that $320 per hour is consistent with the prevailing rates for an attorney of Ms. Mergo's experience and for the type of work performed.

Plaintiff also argues a rate of $320 for Ms. Mergo is unreasonable because, in <u>Muegge</u>, this Court found $275 to be a reasonable hourly rate for an attorney with twenty-five years experience. <u>See</u> 2015 WL 4041313, at *16. This comparison fails for two reasons. First, and most significantly, that attorney adduced no evidence, apart from his own say-so, showing his proposed hourly rate was reasonable. <u>Id.</u> at *5 (citing <u>BlueEarth Biofuels, LLC v. Hawaiian Elec. Co.</u>, Civil No. 09-00181 LEK-KSC, 2015 WL 881577, at *3 (D. Hawai`i Feb. 27, 2015) ("In addition to their own statements, attorneys are **required** to submit additional evidence that the rate charged is reasonable." (emphasis in <u>BlueEarth</u>)). Second, that case involved legal work performed between 2009 and 2014. <u>Id.</u> at *1. In this case, Defendants provided the affidavit of a partner at the firm Cades Schutte, who has twenty-seven years experience practicing law, attesting to the reasonableness of the rates requested by Defendants' local counsel. [Motion, Aff. of Dennis W. Chong Kee at ¶¶ 1, 6.] This also supports the reasonableness of the similar rates requested by Defendants' outside counsel, including Ms. Mergo. Moreover, this case involves legal work performed from 2013 until 2017.

7

Prevailing rates in the Honolulu legal market have increased over the years. See Pelayo v. Platinum Limousine Servs., Inc., CIVIL NO. 15-00023 DKW-KJM, 2016 WL 5402185, at *5 & n.5 (D. Hawai`i Sept. 27, 2016) (increasing attorney's hourly rate from $200 to $225, in part, "to avoid stagnation of rates over time"). The Court finds that $320 is a reasonable hourly rate for Ms. Mergo's legal services in this case.

## II. Mr. Benedict's Hourly Rate

Defendants argue the magistrate judge only relied on Ms. Mergo's years of experience when deciding to reduce Mr. Benedict's requested rate to level of Ms. Mergo's rate. Defendants therefore contend: "increas[ing] Mr. Benedict's rate, to $360 or the originally requested $375, would be more appropriate." [Response at 5.] Defendants did not file any objections to the F&R in accordance with Local Rule 74.2. To the extent Defendants are objecting to the F&R with respect to Mr. Benedict's hourly rate, rather than making an argument in furtherance of their Response to Plaintiff's Objections regarding Ms. Mergo's hourly rate, the Court declines to consider Defendants' untimely objection.

## III. Calculation of Fees

Under the lodestar method,

> [t]he Court must determine a reasonable fee by multiplying "the number of hours reasonably expended on the litigation" by "a reasonable hourly rate." Hensley v. Eckerhart, 461 U.S. 424,

8

> 433 (1983). Beyond establishing a reasonable
> hourly rate, "a party seeking attorneys' fees
> bears the burden of proving that the requested
> fees and costs are associated with the relief
> requested and are reasonably necessary to achieve
> the results obtained." U.S. v. Chung, Civ. No.
> 07-00570 ACK-BMK, 2010 WL 5388006, *3 (Dec. 17,
> 2010). "A court must guard against awarding fees
> and costs which are excessive, and must determine
> which fees and costs were self-imposed and
> avoidable." Id. (citation omitted). A court has
> discretion to "trim fat" from, or otherwise
> reduce, the number of hours claimed to have been
> spent on the case, and time expended on work
> deemed "excessive, redundant, or otherwise
> unnecessary" shall not be compensated. Id.
> (citations and internal quotation marks omitted).

Muegge, 2015 WL 4041313, at *14.

Plaintiff objects that the F&R makes no factual findings to show the reasonableness of staffing Defendants' legal team with ten attorneys. No such findings were required. The magistrate judge carefully considered the reasonableness of the hourly rates requested, the reasonableness of the hours expended, and the necessity of the tasks upon which those hours were expended. The number of attorneys on Defendants' legal team is not an independent factor in the lodestar analysis.

Plaintiff speculates that, because Defendants' legal team was overstaffed, it billed too many hours and billed for unnecessary tasks. Plaintiff's speculation fails for multiple reasons. First, Plaintiff does not show the alleged overstaffing caused Defendants' counsel to bill excessive hours or for unnecessary tasks. Second, the magistrate judge carefully

9

considered evidence of excessive hours and/or unnecessary tasks, and recommended a twenty percent reduction of all fees. Plaintiff fails to show how his concerns related to alleged overstaffing are not already addressed by the twenty percent reduction. Third, the magistrate judge carefully considered the specific relevance of alleged overstaffing under the loadstar analysis, *e.g.*, if unnecessary hours were billed for multiple attorneys to coordinate work that could have been performed more efficiently by fewer attorneys. Cf. id. at *18 (providing examples of uncompensable, unnecessary tasks caused by overstaffing). Plaintiff does not specifically object to any billing item approved by the magistrate judge as unnecessary. Plaintiff fails to identify any specific factual or legal errors in the F&R; he merely disagrees with it. Plaintiff's conclusive and general objections do not trigger de novo review of the F&R. See id. at *2.

Next, Plaintiff appears to argue that, under Hawai`i law, regardless of the lodestar analysis, he cannot be held responsible for opposing counsel's fees to they extent they are substantially in excess of his own counsel's fees. [Objections at 7.] Specifically, Plaintiff states Defendants' attorneys billed 8,493 hours, while his attorneys billed "roughly 3,000" hours, and argues:

> The Supreme Court of Hawaii has limited a
> defendant's right to recover fees under HRS

> § 607-14, declaring that it would "be inequitable
> to award a prevailing defendant attorney's fees in
> an amount nearly twice that which the plaintiff
> could have recovered had he or she prevailed."
> Piedvache v. Knabusch, 88 Haw. 115, 119, 962 P.2d
> 374, 378 (1998), *as amended* (Oct. 21, 1998). Here
> - and without considering the controlling
> precedent set forth in Piedvache - the Findings
> award fees that are far more than twice what
> Mr. Barranco could have reasonably recovered.

[Id.] Piedvache provides Plaintiff no support. In that case, the plaintiff brought suit in a court with a jurisdictional limit of $20,000; and because attorneys' fees under § 607-14 are capped at twenty-five percent of a recovery, the plaintiff could not have recover more than $5,000 in attorneys fees. Piedvache, 88 Hawai`i at 120, 962 P.2d at 379. The prevailing defendant sought to recover attorneys' fees of $9,685.84. Id. at 117, 962 P.2d at 376. That is, the fees request was "an amount nearly twice that which the plaintiff could have recovered had he or she prevailed." Id. at 120, 962 P.2d at 379. Piedvache is silent as to how many hours the non-prevailing party's attorney billed and does not compare the hours billed by each side. Piedvache holds that applying the twenty-five percent cap only to plaintiffs, but not defendants, would be inequitable. Id. Plaintiff has not objected to the magistrate's finding that, because the Complaint requested $7,818,000 in damages, the fees award does not exceed the twenty-five percent cap under § 607-14. Piedvache says nothing about the instant case because Defendants' fees award is unaffected by the statutory cap.

Plaintiff also criticizes the F&R as uncritically accepting of Defendants' positions. This Court disagrees. To the contrary, this Court commends the magistrate judges's thorough and judicious review of the instant matter. Far from uncritically accepting Defendants' positions, the F&R, *inter alia*: recommends a reduction of twenty percent of all hours billed; [F&R at 18;] reduces the number of hours for document reviewers by thirty percent (333 hours); [<u>id.</u> at 14;] reduces certain attorneys' time by 105, 127, and 18.8 hours; [id. at 15-16;] and reduces certain paralegals time by 458.2 and 23.9 hours, [<u>id.</u> at 25].

Finally, the Court notes that Plaintiff's proposed modification to the F&R is unreasonable. Plaintiff makes the conclusory assertion that Defendants' legal team should have been staffed with no more than seven attorneys; identifies seven attorneys whose billing would be compensated; and reduces all other attorneys' billings to zero. [Objections at 12-13.] Plaintiff identifies no authority supporting a cap on the number of attorneys whose billings are compensable under § 607-14. Plaintiffs' proposed cap of seven attorneys appears arbitrary. Plaintiff does not attempt to explain how a cap of seven attorneys relates to "establishing [an attorney's] reasonable hourly rate" and "proving that the fees and costs sought are associated with the relief requested and are reasonably necessary

to achieve the results obtained." See Muegge, 2015 WL 4041313, at *6 (citation and internal quotation marks omitted).

The Court finds that Plaintiff's Objections have no merit. The Objections are denied in their entirety.

### CONCLUSION

On the basis of the foregoing, Plaintiff Ronald Barranco's June 29, 2018 partial objections to the magistrate judge's June 15, 2018 Findings and Recommendation to Grant in Part and Deny in Part Defendants 3D Systems Corporation and 3D System, Inc.'s Motion for an Award of Attorneys' Fees are HEREBY DENIED. The magistrate judge's F&R is HEREBY ADOPTED as MODIFIED by Part I of this Order, explaining the reasons for approving Ms. Mergo's $320 hourly rate.

IT IS SO ORDERED.

DATED AT HONOLULU, HAWAII, August 16, 2018.



/s/ Leslie E. Kobayashi
Leslie E. Kobayashi
United States District Judge

**RONALD BARRANCO VS. 3D SYSTEMS CORP., ET AL; CIVIL 13-00412 LEK-RLP; ORDER DENYING PLAINTIFF'S PARTIAL OBJECTIONS AND ADOPTING, AS MODIFIED, THE MAGISTRATE JUDGE'S FINDINGS AND RECOMMENDATION TO GRANT IN PART AND DENY IN PART DEFENDANTS 3D SYSTEMS CORPORATION AND 3D SYSTEM, INC.'S MOTION FOR AN AWARD OF ATTORNEYS' FEES**