IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

RONALD BARRANCO,                    )    CIVIL NO. 13-00412 LEK-RLP
                                    )
          Plaintiff,                )
                                    )
     vs.                            )
                                    )
3D SYSTEMS CORPORATION, a           )
Delaware corporation, 3D            )
SYSTEMS, INC., a California         )
corporation, ABRAHAM               )
REICHENTAL, DAMON GREGOIRE,         )
                                    )
          Defendants.               )
_____)

**ORDER DENYING PLAINTIFF'S COMBINED RULE 50(B) MOTION FOR
JMOL AS TO COUNTERCLAIM 2, AND RULE 59(A) MOTION FOR A NEW TRIAL**

          Before the Court is Plaintiff/Counterclaim Defendant

Ronald Barranco's ("Plaintiff" or "Barranco") Combined Rule 50(b)

Motion for JMOL as to Counterclaim 2, and Rule 59(a) Motion for a

New Trial, filed April 30, 2018 ("Motion"). [Dkt. no. 406.] On

May 14, 2018, Defendants/Counterclaimants 3D Systems Corporation

and 3D Systems, Inc. ("Defendants" or "3D Systems") filed their

memorandum in opposition, and Plaintiff filed his reply on

May 29, 2018. [Dkt. nos. 410, 415.] The Court has considered

the Motion as a non-hearing matter pursuant to Rule LR7.2(e) of

the Local Rules of Practice of the United States District Court

for the District of Hawai`i ("Local Rules"). Plaintiff's Motion

is hereby denied for the reasons set forth below.

## BACKGROUND

The background of this matter is well known to the parties, and the Court will only discuss the background relevant to the Motion. On January 30, 2015, this Court issued its Order Granting in Part and Denying in Part Defendants' Motion for Summary Judgment on All Claims Against Them ("1/30/15 Order"). [Dkt. no. 140.[1]] In the 1/30/15 Order, this Court ruled, *inter alia*, that the promise at issue was whether Defendants had promised Plaintiff they would invest in the primary domains, not whether Defendants guaranteed Plaintiff a $5,000,000 buyout payment. 2015 WL 419687, at *8. On April 19, 2016, Defendants filed a motion in limine seeking to excluding references to the alleged $5,000,000 buyout promise ("Defendants' MIL #4"). [Dkt. no. 189.] Also on April 19, 2016, Plaintiff filed motions in limine seeking to exclude testimony of Paul Saltzman ("Plaintiff's MIL #1") and seeking to introduce evidence regarding an arbitration award between the parties ("Plaintiff's MIL #2" and all collectively "motions in limine"). [Dkt. nos. 179, 180.] On May 13, 2016 this Court granted in part and denied in part Plaintiff's MIL #1 and denied Plaintiff's MIL #2. [Minutes, dkt. no. 244.] Also on May 13, 2016, this Court orally granted Defendant's MIL #4. [Minutes, dkt. no. 245.]

---

[1] The 1/30/15 Order is also available at 2015 WL 419687.

The jury trial began on May 17, 2016. [Minutes, dkt. no. 251.] On May 18, 2016, outside the presence of the jury, this Court again stated testimony regarding a $5,000,000 buyout payment was not admissible. [Trial – Day 1 Trans. ("Day 1 Trans."), filed 10/13/17 (dkt. no. 336), at 70-71.]

On May 27, 2016, the jury returned a verdict in favor of Defendants on all of Plaintiff's claims and in favor of Defendants on their counterclaim for breach of the Non-Compete Provision contained within the parties' Purchase and Sale Agreement ("PSA" and "Non-Compete Counterclaim"). [Special Verdict Form, dkt. no. 282.] In finding for Defendants on the Non-Compete Counterclaim, the jury answered "YES" to the question: "Did Barranco breach his promise not to engage in competition with 3D Systems for five years after signing the PSA?" [Id. at 4.] On May 9, 2017, in its Order Denying Plaintiff's Oral Motion for Judgment as a Matter of Law ("5/9/17 Order"), this Court concluded, in light of the jury's verdict, that Defendants were entitled to an equitable accounting. [Dkt. no. 300.[2]] On November 20, 2017, this Court conducted a one-day bench trial to perform the equitable accounting. [Minutes, dkt. no. 382.] On March 30, 2018, this Court issued its Findings of Fact and Conclusions of Law and Order ("FOF/COL"). [Dkt. no.

_____

[2] The 5/9/17 Order is also available at 2017 WL 1900970.

3

391.[3]]  The Court found Barranco breached the Non-Compete

Provision of the PSA in four ways:  1) by using private email;

2) by providing $5,200 to assist Christopher Breault with his Pro

SLA website; 3) by working with David Pham and R.J. Barranco, at

least from February 19 to 21, 2012, to develop or design instant

online quoting; and 4) by working to develop or design a new

quoting engine during at least the period from March 19 to

September 25, 2013.  307 F. Supp. 3d at 1089-91.

On August 13, 2018, this Court issued its Order

Granting in Part and Denying in Part Plaintiff's Rule 52(b)/59(e)

Motion to Amend Bench Findings and Judgment ("8/13/18 Order").

[Dkt. no. 435.[4]]  In the instant Motion, Plaintiff renews his

motion for judgment as a matter of law on the Non-Compete

Counterclaim pursuant to Fed. R. Civ. P. 50(b) and seeks a new

trial pursuant to Fed. R. Civ. P. 59(a).  For the reasons set

forth below, the Motion is denied.

### STANDARD

This Court has stated:

> Federal Rule of Civil Procedure 50(b) allows
> a party to file a renewed motion for judgment as a
> matter of law after entry of judgment on a jury
> verdict.  To file a renewed motion under
> Rule 50(b), a party generally must first file a
> motion for judgment as a matter of law under
> Rule 50(a) before the case is submitted to the

---

[3]  The FOF/COL is also available at 307 F. Supp. 3d 1075.

[4]  The 8/13/18 Order is also available at 2018 WL 3833499.

4

jury.  E.E.O.C. v. Go Daddy Software, Inc., 581
F.3d 951, 961 (9th Cir. 2009).  If the court
denies or defers ruling on the Rule 50(a) motion
and the jury returns a verdict against the moving
party, the party may then renew the motion under
Rule 50(b).  Id.  Because it is a "renewed"
motion, a party cannot "raise arguments in its
post-trial motion for judgment as a matter of law
under Rule 50(b) that it did not raise in its
preverdict Rule 50(a) motion."  Id. (quoting
Freund v. Nycomed Amersham, 347 F.3d 752, 761 (9th
Cir. 2003)).

    The rule that a party must move for judgment
as a matter of law before the case is submitted to
a jury does not apply if the motion alleges
inconsistencies in the answers given to a special
verdict.  Pierce v. Souther[n] Pacific Transp.
Co., 823 F.2d 1366, 1369 (9th Cir. 1987) ("When a
special verdict does not support a judgment a
reviewing court may make an exception to the Rule
50(b) requirement of a motion for directed verdict
as a prerequisite to a motion [judgment
notwithstanding the verdict].");  Zhang v. American
Gem Seafoods, Inc., 339 F.3d 1020, 1033 (9th Cir.
2003).

    In ruling on a 50(b) motion, the Court may
allow judgment on the verdict, order a new trial,
or reverse the jury and direct the entry of
judgment as a matter of law.  Fed. R. Civ. P.
50(b).  The court will direct judgment as a matter
of law if "the evidence permits only one
reasonable conclusion, and that conclusion is
contrary to the jury's verdict."  Go Daddy
Software, Inc., 581 F.3d at 961 (quoting Josephs
v. Pac. Bell, 443 F.3d 1050, 1062 (9th Cir.
2006)).  When considering the motion, the court
"may not make credibility determinations or weigh
the evidence."  Id. (quoting Reeves v. Sanderson
Plumb[]ing Prods., Inc., 530 U.S. 133, 150
(2000)).  Instead, the court reviews the evidence
"in the light most favorable to the nonmoving
party" and draws "all reasonable inferences in
that party's favor."  Id. (quoting Josephs, 443
F.3d at 1062)).  "While the district court may not
resolve conflicts in the testimony or weigh the
evidence, it may evaluate evidence at least to the

extent of determining whether there is substantial evidence to support the verdict. '[A] mere scintilla of evidence will not suffice.'" <u>Von Zuckerstein v. Argonne Nat'l Laboratory</u>, 984 F.2d 1467, 1471 (7th Cir. 1993) (citing <u>La Montagne v. American Convenience Products, Inc.</u>, 750 F.2d 1405, 1410 (7th Cir. 1984)).

The Ninth Circuit has defined substantial evidence as "such relevant evidence as reasonable minds might accept as adequate to support a conclusion even if it is possible to draw two inconsistent conclusions from the evidence." <u>Maynard v. City of San Jose</u>, 37 F.3d 1396, 1404 (9th Cir. 1994) (citing <u>George v. City of Long Beach</u>, 973 F.2d 706, 709 (9th Cir. 1992)).

<u>Du Preez v. Banis</u>, CIVIL 14-00171 LEK-RLP, 2017 WL 3222536, at *1-2 (D. Hawai`i July 27, 2017) (alterations in <u>Du Preez</u>) (some citations omitted).  This Court also noted:

Federal Rule of Civil Procedure 50(b) allows a party filing a renewed motion for judgment as a matter of law to include an alternative request for a new trial under Rule 59.  Rule 59 allows the court to grant a new trial after a jury trial "for any reason for which a new trial has heretofore been granted in an action at law in federal court."  Fed. R. Civ. P. 59(a).  Although Rule 59 does not specify the grounds on which a court may order a new trial, historically recognized grounds include:  "that the verdict is against the weight of the evidence, that the damages are excessive, or that, for other reasons, the trial was not fair to the party moving."  <u>Molski v. M.J. Cable, Inc.</u>, 481 F.3d 724, 729 (9th Cir. 2007) (quoting <u>Passantino v. Johnson & Johnson Consumer Prods.</u>, 212 F.3d 493, 510 n.5 (9th Cir. 2000)).

"When a motion for a new trial is based on insufficiency of the evidence, a 'stringent standard applies' and a new trial may be granted 'only if the verdict is against the great weight of the evidence or it is quite clear that the jury has reached a seriously erroneous result.'" <u>MLM Property, LLC v. Country Cas. Ins. Co.</u>, 2010 WL

1948609, at *2 (D. Or. 2010) (quoting <u>Digidyne</u>
<u>Corp. v. Data Gen. Corp.</u>, 734 F.2d 1336, 1347 (9th
Cir. 1984)).

<u>Id.</u> at *2.

## **DISCUSSION**

## I.  <u>Availability of an Adequate Remedy at Law</u>

Plaintiff argues he is entitled to judgment as a matter
of law on the Non-Compete Counterclaim because Defendants lack
"the right to maintain a suit for an equitable accounting, like
all other equitable remedies, . . . [in] the absence of an
adequate remedy at law."  See <u>Dairy Queen, Inc. v. Wood</u>, 369 U.S.
469, 478 (1962).  The 8/13/18 Order, *inter alia*, declined to
reconsider the FOF/COL's conclusions of law, and amend the
judgment pursuant to Fed. R. Civ. P. 59(e) to impose $0 in
liability based on Plaintiff's argument that, under <u>Dairy Queen</u>,
this Court lacks authority to grant Defendants equitable relief.
2018 WL 3833499 at *3-4.  The 8/13/18 Order noted:  "Plaintiff
has repeatedly presented to the Court his argument that, under
<u>Dairy Queen</u> . . . and its progeny, this Court, sitting in equity,
lacks jurisdiction to provide Defendants a remedy for Plaintiff's
breach of the Non-Compete Agreement."  <u>Id.</u> at *3 (citations
omitted).  Further, "[t]his Court has long acknowledged, and
disagreed with, Plaintiff's position" regarding the Court's
authority, under <u>Dairy Queen</u>, to grant Defendants equitable
relief.  <u>Id.</u> (citation omitted).

7

Plaintiff's argument based on <u>Dairy Queen</u> does not ask the Court to "determin[e] whether there is substantial evidence to support the verdict" regarding the Non-Compete Counterclaim. <u>See</u> <u>Du Preez</u>, 2017 WL 3222536, at *2 (citations and quotation marks omitted). The jury was not required to make a finding that Defendants lacked an adequate remedy at law. Instead, Plaintiff is asking the Court to revisit its prior rulings, which constitute the law of the case. The Ninth Circuit has stated:

> Under the "law of the case" doctrine, "a court is generally precluded from reconsidering an issue that has already been decided by the same court, or a higher court in the identical case." <u>Thomas v. Bible</u>, 983 F.2d 152, 154 (9th Cir.) (*cert. denied* 508 U.S. 951, 113 S. Ct. 2443, 124 L. Ed.2d 661 (1993). The doctrine is not a limitation on a tribunal's power, but rather a guide to discretion. <u>Arizona v. California</u>, 460 U.S. 605, 618, 103 S. Ct. 1382, 1391, 75 L. Ed. 2d 318 (1983). A court may have discretion to depart from the law of the case where: 1) the first decision was clearly erroneous; 2) an intervening change in the law has occurred; 3) the evidence on remand is substantially different; 4) other changed circumstances exist; or 5) a manifest injustice would otherwise result. Failure to apply the doctrine of the law of the case absent one of the requisite conditions constitutes an abuse of discretion. <u>Thomas v. Bible</u>, 983 F.2d at 155.

<u>United States v. Alexander</u>, 106 F.3d 874, 876 (9th Cir. 1997).

For the reasons stated in the 8/13/18 Order, notwithstanding Plaintiff's contention that Defendants possessed an adequate remedy at law for Plaintiff's breaches of the Non-Compete Provision, Defendants were entitled to maintain the

Non-Compete Counterclaim.  See 2018 WL 3833499, at *3-4.

Plaintiff indicates his continued disagreement with the Court's

ruling on this matter, but fails to show the Court's prior

rulings were clearly erroneous, or any other circumstance

warranting revisiting the law of the case.  See Alexander, 106

F.3d at 876.  Plaintiff is not entitled to judgment as a matter

of law, under Rule 50(b), based on the argument that Defendants

possessed an adequate remedy at law and therefore cannot assert

the Non-Compete Counterclaim.

## II.  Complexity of the Parties' Accounts

Plaintiff argues he is entitled to judgment as a matter

of law on the Non-Compete Counterclaim because Defendants failed

"to show that the accounts between the parties are of such a

complicated nature that only a court of equity can satisfactorily

unravel them."  See Dairy Queen, 369 U.S. at 478 (internal

quotation marks omitted).  Plaintiff's argument is unrelated to

whether substantial evidence supported the jury's finding that

Plaintiff is liable for the Non-Compete Counterclaim.  Instead,

Plaintiff appears to be arguing that, his liability on the

Non-Compete Counterclaim notwithstanding, this Court lacks

authority to grant Defendants the remedy of an equitable

accounting.

Plaintiff again seeks to revisit the law of the case.

In the 5/9/17 Order, "this Court f[ound] that the issues related

to Counterclaim Count II[, *i.e.* the Non-Compete Counterclaim,]
are complex enough to merit an equitable accounting." 2017 WL
1900970, at *5. In the 8/13/18 Order, this Court ruled it
properly awarded Defendants equitable remedies on the Non-Compete
Counterclaim:

> Under Hawai`i law, disgorgement is available for
> breach of contract. [FOF/COL, 307 F. Supp. 3d] at
> 1094 (citing Eckard Brandes, Inc. v. Riley, 338
> F.3d 1082, 1088 (9th Cir. 2003). This Court
> properly exercised its discretion to award
> "'equitable relief in the form of disgorgement.'"
> See id. at 1098 (quoting Hawaiian Ass'n of
> Seventh-Day Adventists v. Wong, 130 Hawai`i 36,
> 49, 305 P.3d 452, 465 (2013)). Moreover, the
> FOF[/]COL vindicated one of the purposes of
> ordering disgorgement under Hawai`i law, which
> "'is to deter wrongdoers.'" See id. at 1100
> (quoting Exec. Risk Indem., Inc. v. Pac. Educ.
> Servs., Inc., 451 F. Supp. 2d 1147, 1156 (D.
> Hawai`i 2006)).

2018 WL 3833499, at *4. Plaintiff argues this Court applied the
wrong legal standard because the availability of equitable
remedies, under Dairy Queen, depends "not [on] whether the
'issues' in a case are complicated, but whether the 'accounts
between the parties' are complicated." [Mem. in Supp. of Motion
at 11 (quoting 369 U.S. at 478).] Plaintiff cites no authority
supporting his construction of Dairy Queen. Moreover, Plaintiff
fails to address the Ninth Circuit's approval, in Eckard, of
awarding equitable remedies in a breach of contract claim under
Hawai`i law. See 338 F.3d at 1088. Plaintiff fails to show this
Court's prior ruling was "clearly erroneous," or any other

circumstance warranting revisiting the law of the case.  <u>See</u>
<u>Alexander</u>, 106 F.3d at 876.  Plaintiff is not entitled to
judgment as a matter of law, under Rule 50(b), based on his
contention that the accounts between the parties were not
sufficiently complex to merit an equitable accounting.

III. **Materiality of Plaintiff's Breaches**

　　　　Plaintiff argues he is entitled to judgment as a matter
of law because no evidence shows that his breaches of the Non-
Compete Provision of the PSA were material.  Plaintiff contends
the 5/9/17 Order correctly looked to the indicia of materiality
discussed <u>Aickin v. Ocean View Investments Co.</u>, 84 Hawai`i 447,
460, 935 P.2d 992, 1005 (1997), and argues he is entitled to
judgment as a matter of law because, apart from speculation that
the breaching activity caused 3D Systems to lose Barranco's
focus, "[t]here is no evidence that the alleged breaches impacted
3D Systems in any way."  [Mem. in Supp. of Motion at 6.]

　　　　As a preliminary matter, this Court must address
Defendants' contention that Plaintiff failed to preserve his
materiality argument.  <u>See</u> Fed. R. Civ. P. 50 advisory
committee's note to 2006 amendment ("Because the Rule 50(b)
motion is only a renewal of the preverdict motion, it can be
granted only on grounds advanced in the preverdict motion.").  In
his oral preverdict motion, Plaintiff argued, *inter alia*, "Hawaii
law requires a breach of contract to be a material breach."

[Trial - Day 4 Trans., filed 10/13/17 (dkt. no. 339), at 143.]
In his written preverdict motion, Plaintiff argued Defendants
failed to present sufficient evidence to the jury that they
suffered injury, or that Barranco received any earnings, profits,
or other benefits, arising from his violation of the Non-Compete
Provision. [Pltf.'s Suppl. Brief in Supp. of His Motion for
Judgment as a Matter of Law, RE: "Accounting," filed 5/24/16
(dkt. no. 267), at 2.] In the 5/9/17 Order, this Court
considered and rejected Plaintiff's contentions that, *inter alia*:
"(1) any breach of the non-compete agreement was not a material
breach; [and] (2) there is no evidence of damages." 2017 WL
1900970, at *2. Plaintiff preserved the materiality argument in
his preverdict motion. The Court now turns to its merits.

The Hawai`i Supreme Court has stated:

In determining whether a failure to render or to
offer performance is material, the following
circumstances are significant:

(a) **the extent to which the injured party
will be deprived of the benefit which he
reasonably expected**;

(b) the extent to which the injured party
can be adequately compensated for the part of
that benefit of which he will be deprived;

(c) **the extent to which the party failing to
perform or to offer to perform will suffer
forfeiture**;

(d) the likelihood that the party failing to
perform or to offer to perform will cure his
failure, taking account of all the

12

> circumstances including any reasonable
> assurances;
>
> (e) the extent to which the behavior of the
> party failing to perform or to offer to
> perform comports with standards of good faith
> and fair dealing.

Aickin, 84 Hawai`i at 460 n.27, 935 P.2d at 1005 n.27 (emphases

in Aickin) (quoting Restatement (Second) of Contracts § 241

(1979)).

The law of the case doctrine also applies to

Plaintiff's argument that he is entitled to judgment as a matter

of law because none of his breaches was material. See United

States v. Lummi Indian Tribe, 235 F.3d 443, 452 (9th Cir. 2000)

(the law of the case doctrine applies where the issue has "been

decided explicitly or by necessary implication in the previous

disposition" (citation, internal quotation marks, and brackets

omitted)). In the 5/9/17 Order, this Court rejected the

contention that Plaintiff's breaching activities caused only

insubstantial or speculative harms and stated: "It is clear

. . . that designing a separate and new system and website

amounts to more than losing focus." 2017 WL 1900970, at *4. By

necessary implication, the jury could reasonably have found that

Barranco's breaches of the Non-Compete Provision were material

because they "deprived [3D Systems] of the benefit which [it]

reasonably expected." See Aickin, 84 Hawai`i at 460 n.27, 935

P.2d at 1005 n.27.

Plaintiff argues the 5/9/17 Order made a mistake of law by analyzing whether Non-Compete Provision was material to the PSA rather than whether Plaintiff's breach was material. [Mem. in Supp. of Motion at 8-9.] Plaintiff ignores the FOF/COL's findings that the PSA incorporated Barranco's employment agreement; that Barranco's salary was consideration for both his employment agreement and the Non-Compete Provision; and that Barranco's breaching conduct was grounds for termination with cause. See 307 F. Supp. 3d at 1092. Plaintiff also ignores the findings that the Non-Compete Provision "protects 3D Systems against risks that arise from the difficulty of detecting and proving violations and of detecting and proving the earnings that arise from such violations," and that without the Non-Compete Provision, "Barranco would have received a lesser consideration in exchange from 3D Systems." See id. at 1092-93. Plaintiff fails to address these other ways that the non-breaching party was "deprived of the benefit which [it] reasonably expected." See Aickin, 84 Hawai`i at 460 n.27, 935 P.2d at 1005 n.27. Plaintiff fails to show any of the Court's prior rulings were clearly erroneous or any other reason warranting revisiting the law of the case.

To the extent Plaintiff is arguing Defendants were required, as a matter of law, to show evidence of damages at law, the Court has already considered and rejected this argument. In

the FOF/COL, this Court "predict[ed] the Hawai`i Supreme Court
would . . . conclude that a defendant is entitled to claim the
return of the consideration as an alternative form of contractual
relief if the jury concludes that plaintiff breached the terms of
the noncompetition agreement." 307 F. Supp. 3d at 1101 (citation
and internal quotation marks omitted). Plaintiff fails to show
this prior ruling was clearly erroneous or any other reason
justifying revisiting the law of the case. Plaintiff is not
entitled to judgment as a matter of law based on his contention
that none of his breaches was material.

## IV. **Evidentiary Rulings**

Plaintiff argues he is entitled to "a new trial based
on three mistaken evidentiary rulings that more likely than not
prejudiced the jury's verdict." [Mem. in Supp. of Motion at 12.]
Specifically, Plaintiff challenges this Court's rulings on
Defendants' MIL #4 and on Plaintiff's MIL #1 and Plaintiff's
MIL #2. The law of the case doctrine applies to evidentiary
rulings. Ritchie v. Hawai`i, Dep't of Pub. Safety,
CIVIL 14-00046 LEK-KJM, 2017 WL 3205475, at *6-7 (D. Hawai`i
July 27, 2017). Defendants argue Plaintiff's Rule 59(a) motion
should be denied, under the law of the case doctrine, because
"Barranco raises the same arguments considered and rejected by
this Court in its motions in limine." [Mem. in Opp. at 16
(citing Ritchie, 2017 WL 3205475, at *7).] Defendants support

this contention with extensive citations to Plaintiff's prior
filings.  [Id. at 16-27.]  Plaintiff apparently concedes the
point and states:

> As 3D Systems belabors in its opposition
> brief, the Court already ruled on the evidentiary
> issues upon which Mr. Barranco seeks a new trial.
> Mr. Barranco continues to respectfully contend
> that those rulings were erroneous and prejudicial,
> but he believes that he grounds therefore are
> adequately set forth in his opening brief.

[Reply at 6.]  Plaintiff makes no attempt to argue any exception
to the law of the case doctrine applies.

Plaintiff fails to establish that the Court's prior
rulings were clearly erroneous, or any other circumstance
justifying departing from the law of the case.  While Plaintiff
disagrees with the Court's prior rulings, such continued
disagreement does not warrant departing from the law of the case.
See Alexander, 106 F.3d at 876.  Absent such circumstances, this
Court "would . . . abuse[] its discretion if it . . . refused to
abide by its previous ruling[s]."  See United States v. Phillips,
367 F.3d 846, 856 (9th Cir. 2004).  The Motion is denied as to
Plaintiff's request for a new trial pursuant to Rule 59(a).

## CONCLUSION

On the basis of the foregoing, Plaintiff Ronald
Barranco's Combined Rule 50(b) Motion for JMOL as to
Counterclaim 2, and Rule 59(a) Motion for a New Trial, filed
April 30, 2018, is HEREBY DENIED.

IT IS SO ORDERED.

DATED AT HONOLULU, HAWAII,



     /s/ Leslie E. Kobayashi
Leslie E. Kobayashi
United States District Judge


RONALD BARRANCO VS. 3D SYSTEMS CORPORATION, ET AL.; CV 13-00412
LEK-RLP; ORDER DENYING PLAINTIFF'S COMBINED RULE 50(B) MOTION FOR
JMOL AS TO COUNTERCLAIM 2, AND RULE 59(A) MOTION FOR A NEW TRIAL