UNITED STATES DISTRICT COURT

DISTRICT OF HAWAII

| RONALD BARRANCO,<br><br>Plaintiff,<br><br>vs.<br><br>3D SYSTEMS CORPORATION, A DELAWARE CORPORATION; AND 3D SYSTEMS, INC., A CALIFORNIA CORPORATION;<br><br>Defendants. | CIV. NO. 13-00412 LEK-RT |
|---|---|

**DECISION REGARDING POST-REMAND ISSUES**

On March 12, 2020, the Ninth Circuit Court of Appeals issued an opinion affirming this Court's evidentiary rulings during the jury trial but reversing and vacating the monetary judgment that was issued following a bench trial to determine the equitable relief to be awarded on the counterclaim ("Ninth Circuit Opinion"). 952 F.3d 1122. On May 21, 2020, Defendants/Counterclaimants 3D Systems Corporation and 3D Systems, Inc. (collectively "3D Systems" or "Defendants") and Plaintiff/Counterclaim Defendant Ronald Barranco ("Barranco" or "Plaintiff") filed their respective briefs on the issues remaining after remand ("3D Remand Brief" and "Barranco Remand

Brief"). [Dkt. nos. 450,[1] 451.] 3D Systems and Barranco filed their respective response briefs ("3D Response Brief" and "Barranco Response Brief") on June 19, 2020. [Dkt. no. 455, 456.] For the reasons set forth below, this Court concludes that no further proceedings are necessary in this case. A second amended judgment will be issued consistent with this Order, and the case will be closed.

## BACKGROUND

Barranco initiated this action on August 23, 2013. [Complaint (dkt. no. 1).] 3D Systems filed counterclaims on August 19, 2014, amended counterclaims on September 8, 2014, and it filed further amended counterclaims ("Second Amended Counterclaims") on November 5, 2014. [Dkt. nos. 89, 101, 118.] On May 17, 2016, a jury trial commenced. [Minutes, dkt. no. 251.] The claims that went to trial were: 1) Barranco's claims for breach of contract, breach of the implied covenant of good faith and fair dealing, and unjust enrichment; see Order Granting in Part and Denying in Part Defs.' Motion for Summary Judgment on All Claims Against Them, filed 1/30/15 (dkt. no. 140);[2] and 2) the claims in 3D Systems' Second Amended Counterclaims – a breach of contract claim alleging Barranco

---

[1] An errata to the 3D Remand Brief was filed on May 28, 2020. [Dkt. no. 454.]

[2] The summary judgment order is also available at 2015 WL 419687.

violated the non-complete provision in their Purchase and Sale Agreement ("PSA" and "Non-Compete Counterclaim") and a claim alleging Barranco failed to completely convey all of the assets covered by the PSA ("Failure to Convey Counterclaim").

On May 26, 2016, the case went to the jury. [Minutes, dkt. no. 278.] On May 27, 2016, the jury reached a verdict in favor of 3D Systems on all of Barranco's claims that were litigated at trial. [Special Verdict Form, dkt. no. 282.] The jury also found that Barranco breached his promise not to compete with 3D Systems for five years after he signed the PSA. [Id. at 6.]

Judgment as a matter of law was later granted in Barranco's favor as to the Failure to Convey Counterclaim. [EO: Court Ruling Regarding the Remaining Issues in this Case, filed 6/22/16 (dkt. no. 287).] Barranco also moved for judgment as a matter of law on 3D Systems' Non-Compete Counterclaim, but the motion was denied because this Court concluded that the verdict was supported by evidence showing Barranco violated the non-compete provision. [Order Denying Pltf.'s Oral Motion for Judgment as a Matter of Law, filed 5/9/17 (dkt. no. 300) ("5/9/17 Order").[3]] Because the PSA stated Barranco could breach the non-compete provision by developing a competing product or

[3] The 5/9/17 Order is available at 2017 WL 1900970.

by assisting another entity in developing or providing a competing product, a violation did not require evidence that the violation caused either Barranco to be benefitted or 3D Systems to be harmed. 5/9/17 Order, 2017 WL 1900970, at *4-5. This Court also ruled that 3D Systems were entitled to an equitable accounting because: that was one of the remedies provided for in the PSA for a violation of the non-complete provision; and the issues related to the Non-Compete Counterclaim were complex enough to warrant an equitable accounting. Id. at *5.

A nonjury trial was held on November 20, 2017 to determine the equitable relief that 3D Systems were entitled to because of Barranco's violation of the non-compete provision. [Minutes (dkt. no. 382).] On March 30, 2018, the Findings of Fact and Conclusions of Law and Order ("FOF/COL") were issued. [Dkt. no. 391.[4]] Ultimately, this Court concluded that, as a result of Barranco's breach of the non-compete provision, "3D Systems [were] entitled to invoke the equity jurisdiction of this Court and to demand an equitable accounting," but, after performing the accounting, this Court found "Barranco received no earnings, profits, or other benefits arising from his breach." FOF/COL, 307 F. Supp. 3d at 1103. However, this Court ordered Barranco to disgorge a total of $522,860.24, consisting

[4] The FOF/COL is also available at 307 F. Supp. 3d 1075.

of salary and various payments, and it awarded prejudgment and post-judgment interest to 3D Systems. Id. A judgment was issued on April 2, 2018. [Dkt. no. 392.]

On April 19, 2018, Barranco filed a motion for relief under Fed. R. Civ. P. 52(b) and 59(e). [Dkt. no. 398.] On August 13, 2018, an order granting the motion in part and denying it in part was issued ("8/13/18 Order"). [Dkt. no. 435.[5]] The 8/13/18 Order amended the disgorgement amount in the FOF/COL to $462,451.24, and another amount, but only if a buyout payment was due and owing to Barranco under the PSA. 2018 WL 3833499, at *2.

Final judgment was entered on September 13, 2018. [Amended Judgment in a Civil Case ("Amended Judgment"), filed 9/13/18 (dkt. no. 443).] The Amended Judgment included the following amounts:

-the award to 3D Systems on the Non-Compete Counterclaim in the amount of $462,451.24;

-taxable costs of $36,424.93 and nontaxable costs of $71,642.97;

-attorneys' fees of $1,299,408.50; and

-prejudgment interest of $308,385.29, and post-judgment interest of $3,406.85.

[Id. at 3.] Thus, the total amount of the Amended Judgment was $2,181,719.78. [Id.]

[5] The 8/13/18 order is also available at 2018 WL 3833499.

## I. CV 13-00411

Simultaneously with the Complaint in this case, Barranco and Print3D Corporation ("Print3D") filed an action against 3D Systems and Damon Gregoire, related to other agreements not at issue in the instant case. [Barranco, et al. v. 3D Sys. Corp., et al., CV 13-00411 LEK-RLP ("CV 13-411"), Complaint, filed 8/23/13 (dkt. no. 1).] This Court found "the parties entered into a valid and enforceable agreement to arbitrate with AAA, so long as AAA is still in existence, with all aspects of the arbitration proceeding to take place in Charlotte, North Carolina." [CV 13-411, Order Denying Defendants' Motion to Dismiss, etc. ("CV 13-411 Order"), filed 2/28/14 (dkt. no. 42), at 23.[6]] This Court then transferred venue to the United States District Court for the Western District of North Carolina for further proceedings. CV 13-411 Order, 2014 WL 806263, at *11.

After the transfer, the case in the Western District of North Carolina ("North Carolina Action") was stayed pending arbitration. A five-day arbitration hearing was held in Charlotte, and the arbitrator issued the original award on September 28, 2015. A modified award was issued on October 16, 2015. Barranco v. 3D Sys. Corp., 3:14-cv-00188-RJC-DSC, 2016 WL

[6] The CV 13-411 Order is also available at 2014 WL 806263.

4546449, at *2 (W.D.N.C. Aug. 31, 2016). The district court confirmed the modified award and the entry of "judgment in favor of Plaintiff and against Defendants, jointly and severally, in the principal amount of $11,281,681.46 as set forth in the Modified Award, plus interest as allowed by applicable law." Id. at *6. The district court, however, denied the plaintiffs' motion for attorneys' fees and costs. Id. The district court entered its final judgment ("North Carolina Judgment") on August 31, 2016. The North Carolina Judgment was affirmed on appeal. Barranco v. 3D Sys. Corp., 734 F. App'x 885 (4th Cir. 2018).

The parties to the North Carolina Action ultimately stipulated to a set-off of the amount of the Amended Judgment in the instant case against the amounts that remained due to the plaintiffs under the North Carolina Judgment. See 3D Remand Brief, Decl. of Counsel, Exh. A (Consent Stipulation Resolving Motion for Setoff of Judgment, filed in the North Carolina Judgment on 9/28/18). Thus, the $2,181.719.78 due to 3D Systems under the Amended Judgment in this case was set off from the $2,282,919.69 that was still outstanding on the North Carolina judgment after an August 2, 2018 payment. [Id. at PageID #: 11734.]

**II. Barranco's Appeal**

Barranco filed his Notice of Appeal from the Amended Judgment in the instant case on September 5, 2018, and he filed an Amended Notice of Appeal on September 19, 2018. [Dkt. nos. 438, 444.] On appeal, the Ninth Circuit rejected both of Barranco's evidentiary challenges, affirming both the exclusion of the modified arbitration award confirmed in the North Carolina Action and the exclusion of evidence regarding Barranco's damages. Ninth Circuit Opinion, 952 F.3d at 1127-29. However, the Ninth Circuit agreed with Barranco that this Court "erred in awarding 3D Systems an equitable remedy on its legal claim for damages resulting from Barranco's breach of the" non-compete provision. Id. at 1131. The Ninth Circuit held that the determination of 3D Systems' remedies for Barranco's breach of the non-compete provision was not so complex that an equitable accounting was warranted. Id. at 1129-30. The Ninth Circuit also adopted the rule, previously accepted by other circuit courts, that "the terms of a contract alone cannot require a court to grant equitable relief." Id. at 1130. Thus, the monetary judgment in favor of 3D Systems on the Non-Compete Counterclaim was reversed and vacated. Id. at 1131.

After the Ninth Circuit mandate was issued, [filed 4/17/20 (dkt. no. 447),] this Court directed the parties to file briefs addressing what relief 3D Systems were entitled to, in

light of the Ninth Circuit Opinion. [Minute Order, filed 4/21/20 (dkt. no. 448).] 3D Systems' position is that they are entitled to a jury trial to determine their damages for their Non-Compete Counterclaim. Barranco's position is that no further proceedings are necessary, and he is entitled to a judgment in his favor, requiring 3D Systems to pay him the amount that they were credited for in the Amended Judgment in this case against the North Carolina Judgment.

## DISCUSSION

3D Systems' Non-Compete Counterclaim alleged:

> 51. As a direct and proximate result of Barranco's material breaches of the PSA's Non-Compete [provision], 3D Inc. has been damaged and is entitled to recover incidental and consequential damages from Barranco in an amount to be determined at trial.
>
> 52. As a direct and proximate result of Barranco's material breaches of the PSA's Non-Compete [provision], 3D Inc. is also entitled to specific performance of the PSA and Non-Compete [provision], which requires Barranco to (1) comply with the Non-Compete [provision] until April 19, 2016; (2) immediately cease and desist from engaging in Competition; (3) immediately cease and desist from being an employee, agent or consultant of, or having any proprietary or other equity interest in, or otherwise participating or assisting in the business of, any person, firm or business that engages in any Competition; and (4) provide an accounting of earnings, profits and other benefits arising from his violation of the Non-Compete [provision].

[Second Amended Counterclaim at pgs. 11-12.] Thus, 3D Systems sought both legal remedies and equitable remedies for Barranco's breach of the non-compete provision.

This continued to be 3D Systems' theory at the time of the jury trial. See 3D Systems' Trial Brief, filed 5/3/16 (dkt. no. 231), at 38 ("As a result of Barranco's violations, 3D Systems is entitled to specific performance of the Non-Compete [provision], injunctive relief, and actual damages to be proven at trial."); id. at 39-40 (arguing 3D Systems was entitled to an accounting and "reserves the right to assert additional damages as may be proven at trial"). However, at trial, 3D Systems failed to present evidence of the monetary damages they allegedly incurred, which would have been the basis for their request for an award of legal damages. At the close of 3D Systems' case, Barranco moved for judgment as a matter of law on the counterclaims. As to the Non-Compete Counterclaim, Barranco argued there was no evidence of damages from his alleged breach of the non-compete provision. [Trans. of Jury Trial – Day 4 ("5/23/16 Tr. Trans."), filed 10/13/17 (dkt. no. 339), at 140, 143-44.] 3D Systems responded that there was evidence that Andrew Johnson, 3D Systems' Chief Legal Officer, incurred damages in the form of attorneys' fees as a result of pursuing the Non-Compete Counterclaim. This Court indicated that such attorneys' fees were not recoverable as damages in a

breach of contract claim, but allowed 3D Systems to submit additional case law on the issue. [Id. at 145-46.] 3D Systems also argued Mr. Johnson gave testimony about damages other than attorneys' fees, but, at that time, their counsel could not identify what Mr. Johnson specifically described. [Id. at 148.] 3D Systems' written response to Barranco's motion identified neither case law supporting their position that attorneys' fees constituted damages nor Mr. Johnson's testimony identifying damages other than attorneys' fees. [3D Systems' Opp. to Pltf.'s Motion for Judgment as a Matter of Law on Defs.' Counterclaims, filed 5/24/16 (dkt. no. 269).] Instead, 3D Systems argued they were entitled to the equitable remedies of specific performance and an accounting because those were among the specified remedies in the PSA for a breach of the non-compete provision. 3D Systems also argued an accounting constituted a legal remedy, not an equitable remedy, when provided for in a contract. [Id. at 3-7.] 3D Systems argued the jury should merely determine whether a breach of the non-compete provision occurred, and this Court should determine the remedy at a later proceeding. [Id. at 7-8.] Thus, the issue of 3D Systems' damages as a result of Barranco's breach of the non-compete provision was not presented to the jury for decision. See Special Verdict Form at 4-5.

The Ninth Circuit Opinion ultimately rejected 3D Systems' position that equitable remedies are available under the circumstances of this case. 3D Systems argue they are entitled to a jury trial on damages because they relied on the provision in the PSA providing for such remedies and the lack of any binding authority at the time holding that such provisions were unenforceable. Although this was the first time the Ninth Circuit adopted the rule "that the terms of a contract alone cannot require a court to grant equitable relief," Ninth Circuit Opinion, 952 F.3d at 1130, nothing prevented 3D Systems from pursuing legal remedies for the Non-Compete Counterclaim during the jury trial.[7] Prior to the jury trial, 3D Systems' position was that they were entitled to both legal remedies and equitable remedies. At trial, they could not, or chose not to, present evidence establishing their damages for their legal remedies. Although 3D Systems could have presented the determination of legal remedies to the jury, they did not do so, effectively conceding that they could not establish damages to support a legal remedy for the Non-Compete Counterclaim. The Ninth

[7] In addition, nothing prevented 3D Systems from bringing a counterclaim that asserted an equitable claim, such as an unjust enrichment claim for a claim for breach of the duty of loyalty, in addition to their contractual claim for breach of the non-compete provision. See Ninth Circuit Opinion, 952 F.3d at 1130 (discussing Hawai`i case law illustrating that "equitable relief [is] available in certain instances even when there is an express contract").

Circuit's subsequent holding that the remedy provision of the PSA could not compel a court to grant equitable relief does not relieve 3D Systems from this concession. This Court therefore rejects 3D Systems' contention that they are entitled to a post-remand jury trial on damages for the Non-Compete Counterclaim.

In light of the Ninth Circuit's holding that 3D Systems are not entitled to equitable relief on the Non-Compete Counterclaim and 3D Systems' prior concession that they cannot establish damages to support a legal remedy for the Non-Compete Counterclaim, the Non-Compete Counterclaim fails as a matter of law because damages are an essential element of the claim. See, e.g., Breast Care Ctr. of Hawai`i LLC v. Fujifilm Med. Sys. U.S.A., Inc., CIVIL NO. 17-443 JAO-WRP, 2019 WL 2146244, at *7 (D. Hawai`i May 16, 2019) ("To prevail on a breach of contract claim, a plaintiff must establish damages." (citing Chuck Jones and MacLaren v. Williams, 101 Haw. 486, 500 (2003) (monetary damages a material element of breach of contract claim); Choy v. Cont'l Cas. Co., No. CV 15-00281 SOM/KSC, 2015 WL 7588233, at *4 (D. Haw. Nov. 25, 2015) ("A breach of contract claim requires a showing of damages."))).[8] Barranco is therefore entitled to judgment as a matter of law as to the Non-Compete Counterclaim.

---

[8] The motion for reconsideration of 2019 WL 2146244 was denied. 2019 WL 3231739 (July 18, 2019).

A second amended judgment will be issued, reflecting this Court's ruling on the Non-Compete Counterclaim and stating that Barranco is only obligated to pay 3D Systems the following amounts: taxable costs of $36,424.93; nontaxable costs of $71,642.97; and attorneys' fees of $1,299,408.50. Barranco does not contend the Ninth Circuit Opinion eliminated his liability for these amounts. [Barranco Remand Brief at 2-3.] Moreover, 3D Systems remains the prevailing party as to the claims that Barranco alleged in the Complaint, and the Ninth Circuit Opinion does not change 3D Systems' entitlement to attorneys' fees and costs incurred in relation to those claims. Cf. Bill of Costs, filed 5/31/18 (dkt. no. 416) (reflecting taxation of costs); Order Denying Pltf.'s Partial Objections and Adopting, as Modified, the Magistrate Judge's Findings and Recommendation, filed 8/16/18 (dkt. no. 437) (regarding findings and recommendation, filed 6/15/18 (dkt. no. 423)).

However, this Court declines to address Barranco's argument that he is entitled to prejudgment and post-judgment interest on the amounts that were reflected in the Amended Judgment that will be eliminated in the second amended judgment. Because Barranco "paid" his liability reflected in the Amended Judgment through a set-off of the North Carolina Judgment, it is the district court in the North Carolina Action that must make any adjustments to the set-off. Accord Legg v. McCarter, CIVIL

NO. 17-00511 DKW-KJM, 2017 WL 5309686, at *4 (D. Hawai`i Nov. 13, 2017) (stating the district court "may not 're-open' any terminated bankruptcy proceeding involving [the plaintiff] or his 'Estate' in the manner requested" (citing Snipes v. Hacker, 2011 WL 13196551, at *2 (D. Haw. Oct. 25, 2011) (denying relief and terminating case in which plaintiff sought reconsideration of Texas bankruptcy action, and holding that plaintiff's "right to relief, if any, rested with the Texas Bankruptcy Court, the Texas District Court, and the Fifth Circuit Court of Appeals"))). Thus, this Court makes no findings or conclusions regarding the effect of the second amended judgment on the North Carolina Judgment.

**CONCLUSION**

On the basis of the foregoing, this Court CONCLUDES that no further proceedings are necessary in light of the Ninth Circuit's March 12, 2020 opinion. After the second amended judgment is issued, the Clerk's Office is DIRECTED to close this case.

IT IS SO ORDERED.

DATED AT HONOLULU, HAWAI`I, August 31, 2020.




/s/ Leslie E. Kobayashi
Leslie E. Kobayashi
United States District Judge

**RONALD BARRANCO VS. 3D SYSTEMS CORPORATION, ET AL; CV 13-00412 LEK-RT; DECISION REGARDING POST REMAND ISSUES**